175 P.3d 585 (2008)
In the Matter of the Personal Restraint of Thomas W.S. RICHEY, Petitioner.
No. 80070-7.
Supreme Court of Washington, En Banc.
Argued October 25, 2007.
Decided January 24, 2008.
Sheryl Gordon McCloud, Law Offices of Sheryl Gordon McCloud, Seattle, WA, for Petitioner.
*586 P. Grace Kingman, Attorney at Law, Tacoma, WA, for Respondent.
ALEXANDER, C.J.
¶ 1 Thomas Richey filed a motion in superior court to vacate his conviction for the crime of attempted first degree murder and the exceptional sentences imposed on him. The superior court transferred Richey's motion to the Court of Appeals as a personal restraint petition. The Court of Appeals then transferred his petition to this court. Richey contends here that the judgment and sentence for attempted first degree murder is facially invalid and that his petition is not, as the State alleges, time-barred. He contends, additionally, that the trial court did not present valid reasons for imposing exceptional sentences for attempted first degree murder and first degree murder. We conclude that while attempted first degree felony murder is a nonexistent crime, the judgment and sentence entered by the trial court for attempted first degree murder is facially valid and that Richey's petition to vacate the conviction is, therefore, time-barred. We hold additionally that Richey's petition with respect to his exceptional sentences is also time-barred. We, therefore, dismiss Richey's petition.
¶ 2 On March 28, 1986, Richey, an 18-year-old army ranger, ingested some LSD (lysergic acid diethylamide) and then proceeded to an appliance store in Tacoma. After arguing with a store clerk at the store, Arlene Koestner, about the price of a television set, Richey drew a .22 caliber handgun and ordered Koestner into the store's stockroom. Noticing another employee, Scott Sanford, nearby, Richey ordered him, at gun-point, to accompany Koestner to the stockroom. As they approached the stockroom, Richey asked "where the money was." Pers. Restraint Pet., Ex. 1 App. D at 2. Before Koestner or Sanford could reply, Richey shot each victim. Koestner, who was shot in the back of her head, died shortly thereafter. Sanford survived a gunshot to the brain.
¶ 3 Richey was charged in Pierce County Superior Court with the first degree murder of Koestner and with attempted first degree intentional murder and/or attempted first degree felony murder of Sanford. Richey pleaded guilty to the first degree murder charge as well as the attempted first degree murder charge. On April 24, 1987, consistent with a stipulation by Richey, the trial court entered a judgment imposing concurrent exceptional sentences of 65 years on both counts.
¶ 4 Richey contends that the judgment entered by the trial court is facially invalid because attempted first degree felony murder is a nonexistent crime. We granted review because the issue of whether the crime of "attempted first degree felony murder" exists in Washington is an issue of first impression.
¶ 5 A killing that occurs during the commission of a robbery in the first or second degree is a first degree felony murder pursuant to RCW 9A.32.030(1)(c).[1] In order to obtain a conviction of first degree felony murder, the State need not prove that the defendant intended to kill the victim. It need show only that the defendant intended to the commit the underlying felony and that in the course of, in furtherance of, or in immediate flight therefrom, the defendant caused the death of a person other than one of the participants.
¶ 6 To convict a defendant on the charge of an attempt to commit a crime, on the other hand, the State must prove that the defendant intended to commit the underlying crime he is charged with attempting. RCW 9A.28.020(1).[2] Although, as we have noted above, a murder may be committed without the intent to kill, an "`attempt to commit *587 murder requires a specific intent to kill.'" Braxton v. United States, 500 U.S. 344, 351 n. *, 111 S.Ct. 1854, 114 L.Ed.2d 385 (1991) (quoting 4 Charles E. Torcia, Wharton's Criminal Law § 743, at 572 (14th ed.1981)). In electing to charge first degree felony murder, the State relieves itself of the burden to prove an intent to kill or, indeed, any mental element as to the killing itself. It follows that a charge of attempted felony murder is illogical in that it burdens the State with the necessity of proving that the defendant intended to commit a crime that does not have an element of intent.
¶ 7 Almost every other jurisdiction addressing the issue that is before us has concluded that the crime of attempted felony murder does not exist. As the Supreme Court of Tennessee summarized in State v. Kimbrough, 924 S.W.2d 888, 892 (Tenn.1996):
Every jurisdiction that has addressed the question whether attempt to commit felony-murder exists as an offense has, with but a single exception, held that it does not exist. People v. Patterson, 209 Cal.App.3d 610, 257 Cal.Rptr. 407 (1989); State v. Gray, 654 So.2d 552 (Fla.1995); State v. Pratt, 125 Idaho 546, 873 P.2d 800 (Idaho 1993); People v. Viser, 62 Ill.2d 568, 343 N.E.2d 903 (Ill.1975); Head v. State, 443 N.E.2d 44 (Ind.1982); State v. Robinson, 256 Kan. 133, 883 P.2d 764 (Kan.1994); Bruce v. State, 317 Md. 642, 566 A.2d 103 (Md.1989); State v. Dahlstrom, 276 Minn. 301, 150 N.W.2d 53 (Minn.1967); State v. Darby, 200 N.J.Super. 327, 491 A.2d 733 (N.J.Super.Ct.App.Div.1984); State v. Price, 104 N.M. 703, 726 P.2d 857 (N.M.Ct. App.1986); People v. Burress, 122 A.D.2d 588, 505 N.Y.S.2d 272 (N.Y.App.Div.1986); Commonwealth v. Griffin, 310 Pa.Super. 39, 456 A.2d 171 (Pa.Super.Ct.1983); State v. Bell, 785 P.2d 390 (Utah 1989); State v. Carter, 44 Wis.2d 151, 170 N.W.2d 681 (Wis.1969). But see White v. State, 266 Ark. 499, 585 S.W.2d 952 (Ark.1979) (upholding the offense of attempted felony-murder in that jurisdiction).
Consistent with the holdings from the courts cited above, we hold that attempted felony murder does not exist as a crime in Washington.
¶ 8 The question remains whether Richey's judgment and sentence is, as Richey asserts, facially invalid in light of the fact that he was charged, alternatively, with attempted first degree felony murder and attempted first degree intentional murder. This is a significant question because if the judgment and sentence is facially valid, Richey's petition is time-barred because it was filed more than one year after the judgment and sentence was imposed.[3]
¶ 9 When a defendant pleads guilty to a crime charged in the alternative, he has no right to plead guilty to only one of the alternatives; rather, the guilty plea is to the charged crime. State v. Bowerman, 115 Wash.2d 794, 801, 802 P.2d 116 (1990). "Where an information alleges more than one means of committing a single crime, the right to plead guilty is a right to plead guilty to the one crime charged." Id. That one of these means may be subject to attack does not invalidate the other. See In re Pers. Restraint of Fuamaila, 131 Wash.App. 908, 131 P.3d 318 (2006). Here, as we observed above, Richey was charged with first degree murder for the death of Koestner and with attempted first degree intentional murder and/or attempted first degree felony murder of Sanford. He pleaded guilty to the crime charged, including both of the alternative means alleged.
¶ 10 Under facts similar to those in the instant case, the Court of Appeals, Division One has held that a personal restraint petition challenging an alternative means plea was barred by the one-year limitation on collateral attacks under RCW 10.73.090. Id. The petitioner in Fuamaila filed an untimely petition seeking to withdraw his guilty plea to second degree murder. He sought to get around the one-year time bar by arguing, as Richey does here, that the judgment and sentence was facially invalid. In that case, second degree murder was charged in the *588 alternative as second degree intentional murder and/or second degree felony murder predicated on assault. The Court of Appeals correctly noted that while second degree felony murder predicated on assault was not a crime in light of this court's decision in In re Personal Restraint of Andress, 147 Wash.2d 602, 56 P.3d 981 (2002), the petitioner had also pleaded guilty to intentional second degree murder, thus leaving the judgment facially valid. Fuamaila, 131 Wash.App. at 919-20, 131 P.3d 318. Consequently, the court concluded that the petition was time-barred. See RCW 10.73.090(1), .100.
¶ 11 Here, as noted above, Richey was charged with attempted first degree murder. The charge of attempted first degree murder included two alternative means: attempted intentional murder and attempted felony murder.[4] By pleading guilty to attempted first degree murder, Richey was pleading to the charge as a whole including both alternatives listed in the information. Therefore, the fact that attempted felony murder does not exist as a crime in Washington does not invalidate Richey's plea to the alternative means charged: attempted first degree intentional murder. Significantly, there is substantial evidence supporting the charge of attempted first degree intentional murder, to wit: (1) Richey armed himself before entering the store, (2) he ordered both Koestner and Sanford to the back room, and (3) Richey shot Sanford execution-style in the head. Sanford, who had moved slightly to protect himself, survived a gunshot wound to the brain. Accordingly, we hold Richey's judgment and sentence for attempted first degree murder is facially valid and Richey's collateral attack is time-barred under RCW 10.73.090(1).
¶ 12 Richey also contends that the trial court's basis for imposing his exceptional sentences was invalid. We decline to address this ground because while the one-year time limit on collateral attack does not apply to sentences in excess of the court's jurisdiction, a sentence is not jurisdictionally defective merely because it is in violation of a statute or is based on a misinterpretation of a statute. RCW 10.73.100(5); In re Pers. Restraint of Vehlewald, 92 Wash.App. 197, 201-02, 963 P.2d 903 (1998). Furthermore, Richey stipulated that the exceptional sentences were justified and the trial court adopted the reasons for the sentence that were set forth in the stipulation. Consequently, Richey's contention that the exceptional sentences were invalid is time-barred under RCW 10.73.090(1).
¶ 13 While attempted first degree felony murder is a nonexistent crime in Washington, Richey's challenge to his judgment and sentence for attempted first degree murder as being facially invalid fails and is, therefore, time-barred under RCW 10.73.090(1). Richey's additional contention with respect to the imposition of exceptional sentences is also time-barred by the one-year limitation. We, therefore, reject Richey's arguments and dismiss his personal restraint petition.
WE CONCUR: SUSAN OWENS, CHARLES W. JOHNSON, MARY E. FAIRHURST, BARBARA A. MADSEN, JAMES M. JOHNSON, RICHARD B. SANDERS, TOM CHAMBERS, JJ., BOBBE J. BRIDGE, J. Pro Tem.
NOTES
[1] A person is guilty of first degree felony murder when "[h]e or she commits or attempts to commit the crime of either (1) robbery in the first or second degree, . . . and in the course of or furtherance of such crime or in immediate flight therefrom, he or she, or another participant, causes the death of a person other than one of the participants." RCW 9A.32.030(1)(c).
[2] The criminal attempt statute provides, "[a] person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1).
[3] RCW 10.73.090(1): "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."
[4] The charge of attempted first degree murder was stated as follows: "That Thomas [] Richey . . . did unlawfully and feloniously with premeditated intent to cause the death of another person, did shoot Scott Jacob Sanford, thereby attempting to cause the death of Scott Jacob Sanford, a human being, and/or while committing or attempting to commit the crime of Robbery in the First Degree. . . ." Pers. Restraint Pet., Ex. 3, at 2. Although the State concedes that the information charged alternative means of committing attempted first degree murder, one could argue that only attempted first degree intentional murder was charged and that the language referencing "committing or attempting to commit the crime of Robbery" was inserted to give factual context to the charge of attempted intentional first degree murder. That argument, however, has not been made.