FILED
COURT OF APPEALS
DIVISION II

2014 DEC -2 AM 9: 01

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| THOMAS WILLIAM SINCLAIR RICHEY, | No. 45943-4-II |
| Appellant, | UNPUBLISHED OPINION |
| v. | |
| SANDRA DIMMEL, | |
| Respondent. | |

BJORGEN, J. — Thomas Richey appeals a trial court order denying his petition for a writ of habeas corpus. Richey claims that the trial court erred because (1) the statutory time bar for collateral attacks on criminal convictions found in RCW 7.36.130(1)[1] and RCW 10.73.090(1)[2] unconstitutionally suspends the writ of habeas corpus, (2) the statutory time bar does not apply to constitutional writs of habeas corpus, the type of writ he claims that he applied for, and (3) the time bar did not apply to his claim for habeas relief because the trial court lacked jurisdiction to enter the judgment and sentence against him. Richey's constitutional challenge to the time bar

---

[1] RCW 7.36.130 states that

> [n]o court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge the party when the term of commitment has not expired, in either of the cases following:
>
> (1) Upon any process issued on any final judgment of a court of competent jurisdiction except where it is alleged in the petition that rights guaranteed the petitioner by the Constitution of the state of Washington or of the United States have been violated and the petition is filed within the time allowed by RCW 10.73.090 and 10.73.100.

[2] RCW 10.73.090(1) states that "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."

No. 45943-4-II

fails, and we find no merit in his arguments that the time bar does not apply to his petition or that the trial court lacked jurisdiction to enter the judgment and sentence. Accordingly, we affirm.

FACTS

In 1986, Richey shot two people while robbing a Tacoma appliance store. *In re Pers. Restraint of Richey*, 162 Wn.2d 865, 868, 175 P.3d 585 (2008). One of the two victims survived. *Richey*, 162 Wn.2d at 868. The State charged Richey with first degree murder and "attempted first degree intentional murder and/or attempted first degree felony murder" for the shootings. *Richey*, 162 Wn.2d at 868. Richey pleaded guilty to both the first degree murder and attempted first degree murder charges, and the trial court entered a judgment against him in 1987. *Richey*, 162 Wn.2d at 868. Richey's judgment and sentence did not state that he had premeditated his offense when listing the elements of the attempted first degree murder charge, seemingly discussing only the elements of attempted first degree felony murder. Clerk's Papers (CP) at 88.

Approximately 20 years after his guilty plea, Richey moved to vacate his conviction for attempted first degree felony murder, claiming that it was a nonexistent offense in Washington, rendering his judgment and sentence facially invalid. *Richey*, 162 Wn.2d at 867. The Supreme Court agreed that Washington's law did not recognize attempted first degree felony murder. *Richey*, 162 Wn.2d at 870.

However, the Supreme Court noted that the State had charged Richey in the alternative for the attempted first degree murder offense and that he had pleaded guilty to that offense. Where a defendant pleads guilty to a crime charged in the alternative, he pleads guilty to all of the alternatives. *Richey*, 168 Wn.2d at 870-71 (citing *State v. Bowerman*, 115 Wn.2d 794, 801, 802 P.2d 116 (1990)). Because the stipulated facts supported a charge of attempted first degree

2

intentional murder, the Supreme Court held that Richey's plea to that offense was valid. *Richey*, 162 Wn.2d at 870-72. The Supreme Court went on to hold that this valid plea to a recognized offense meant that Richey's judgment and sentence was facially valid and that the time bar in RCW 10.73.090 applied, making his petition for relief untimely. *Richey*, 162 Wn.2d 872.

Richey later moved to amend his judgment and sentence to remove the invalid attempted first degree felony murder conviction. We dismissed that motion, and the Supreme Court denied Richey's petition for discretionary review, contingent on the State removing the invalid attempted first degree felony murder conviction from Richey's judgment and sentence. Consequently, the State moved to change the statutory citations on Richey's judgment and sentence to reflect his plea of guilty to attempted first degree intentional murder rather than attempted first degree felony murder. In 2010, the trial court entered an order correcting Richey's judgment and sentence with the appropriate statutory citations.

In 2013, Richey filed a petition for a writ of habeas corpus, claiming that the amended judgment and sentence resulted in his unlawful detention. Richey contended that any guilty plea to attempted first degree intentional murder required him to knowingly and voluntarily plead to premeditation, and that his judgment and sentence did not include discussion of premeditation in its description of the attempted murder charge. Richey claimed that this omission meant his plea was not knowing, and therefore constitutionally invalid. In the same petition, Richey requested a "constitutional" writ of habeas corpus and claimed that this request meant that the one-year time bar to collateral attacks, RCW 10.73.090(1), did not apply to his claim. The trial court denied Richey's petition as time barred by RCW 10.73.090.

Richey now appeals the denial of his petition for a writ of habeas corpus.

3

No. 45943-4-II

## ANALYSIS

Richey contends that the trial court erred by denying his petition as time barred, either because the time bar in RCW 7.36.130(1) is unconstitutional or because it did not apply to his petition. The State argues that RCW 7.36.130(1) is both constitutional and applicable to Richey's petition. We agree with the State.

### I. STANDARD OF REVIEW

We review de novo "challenges to the constitutionality of a statute." *State v. Mertens*, 148 Wn.2d 820, 826, 64 P.3d 633 (2003). Legislative enactments are presumed constitutional and Richey, as the party challenging the constitutionality of RCW 7.36.130, bears the burden of overcoming this presumption. *Mertens*, 148 Wn.2d at 826..

We review de novo the meaning of a statute. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). When we interpret a statute, our "fundamental objective is to ascertain and carry out the Legislature's intent." *Campbell & Gwinn*, 146 Wn.2d at 9-10. We first attempt to ascertain the Legislature's intent through analysis of the plain text of the statute, as well as any related statutes. *Campbell & Gwinn*, 146 Wn.2d at 11-12. After this analysis, where the meaning of the statute is plain, we must give effect to the legislature's intent. *Campbell & Gwinn*, 146 Wn.2d at 9-10. However, where "the statute remains susceptible to more than one reasonable meaning" after our textual analysis, it is ambiguous and we may turn to extrinsic evidence of legislative intent, such as legislative history, common law precedent, and the canons of construction. *Campbell & Gwinn*, 146 Wn.2d at 12; *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 808, 16 P.3d 583 (2001).

4

No. 45943-4-II

## II. Constitutionality of RCW 7.36.130(1)

Richey first argues that RCW 7.36.130(1) violates article I, section 13 of the Washington State Constitution, because it requires, with exceptions, a restrained person to petition for habeas corpus relief within one year of the entry of his or her judgment and sentence. Article I, section 13 provides that "[t]he privilege of the writ of habeas corpus shall not be suspended, unless in case of rebellion or invasion the public safety requires it." Our Supreme Court has already rejected the argument that the time bar found in RCW 10.73.090(1) suspends the writ of habeas corpus in violation of article I, section 13, and we reject Richey's challenge based on this precedent.

RCW 7.36.130 is found within the portion of the code pertaining to the writ of habeas corpus. It provides:

> [n]o court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge the party when the term of commitment has not expired, in either of the cases following:
> (1) Upon any process issued on any final judgment of a court of competent jurisdiction except where it is alleged in the petition that rights guaranteed the petitioner by the Constitution of the state of Washington or of the United States have been violated and the petition is filed within the time allowed by RCW 10.73.090 and 10.73.100.

RCW 10.73.090, which RCW 7.36.130(1) references, prescribes the period of time a restrained person has to petition for a writ of habeas corpus. RCW 10.73.090 provides that

> (1) No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.
> (2) For purposes of this section, "collateral attack" means any form of postconviction relief other than a direct appeal. "Collateral attack" includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment.

5

No. 45943-4-II

RCW 10.73.100, which is also referenced in RCW 7.36.130(1), provides "[b]road exceptions" to the time bar imposed by RCW 10.73.090. *In re Pers. Restraint of Runyan*, 121 Wn.2d 432, 440, 853 P.2d 424 (1993). Under RCW 10.73.100, a detained person may petition for postconviction relief at any time if the petition is based "solely" on one of six grounds. These grounds include claims that (1) newly discovered evidence obtained with the exercise of reasonable diligence exculpates the detained person, (2) the conviction was based on an unconstitutional statute, (3) the conviction was obtained in violation of the state or federal double jeopardy clauses, (4) the conviction was obtained with insufficient evidence, (5) the sentence was imposed in excess of the court's jurisdiction, or (6) some significant material change in the law has occurred and either the legislature or a court has determined that this change applies retroactively. RCW 10.73.100(1)-(6).

The one-year time bar codified in RCW 10.73.090 does not suspend the writ of habeas corpus in violation of article I, section 13. *Runyan*, 121 Wn.2d at 439-47. Article I, section 13 protects the right to petition for a writ of habeas corpus existing at the time of the framing of the Washington Constitution. *Runyan*, 121 Wn.2d at 441. This right allowed a petitioner to challenge a conviction in collateral proceedings based on a single ground: that the trial court lacked jurisdiction to enter the judgment. *Runyan*, 121 Wn.2d at 441. RCW 10.73.090 preserves the right to petition for a writ of habeas corpus existing at the time of the framing by "excluding from its ambit any petition which calls for the constitutional habeas inquiry into jurisdiction." *Runyan*, 121 Wn.2d at 444. RCW 10.73.100(5) provides further protection for the right to petition for habeas corpus relief existing at the framing by exempting challenges to sentences imposed in excess of the court's jurisdiction. *Runyan*, 121 Wn.2d at 444. These exemptions

6

ensure that the time bar codified in RCW 10.73.090(1) does not infringe on the right to petition for a writ of habeas corpus protected by article I, section 13, rendering RCW 10.73.090 and RCW 10.73.100 constitutional. *Runyan*, 121 Wn.2d at 444.

If the time bar codified in RCW 10.73.090 is constitutional, so is the time bar incorporated into RCW 7.36.130(1) through reference to RCW 10.73.090. Richey's constitutional challenge fails.

### III. TRIAL COURT JURISDICTION

Alternatively, Richey argues that RCW 10.73.090's time bar did not apply to his petition for one of two reasons. First, Richey contends that he petitioned for a constitutional writ of habeas corpus and that the time bar, as a creature of statute, cannot affect a constitutional writ. Second, Richey appears to argue that his petition is not time barred because the trial court imposed a sentence in excess of its jurisdiction. Again, we disagree. Richey only petitioned for habeas corpus relief on grounds protected by the constitution if the trial court lacked jurisdiction to enter a judgment and sentence for the crime of attempted first degree intentional murder. Thus, both Richey's arguments turn on whether the trial court had jurisdiction to enter the judgment and sentence. Because the trial court had the necessary jurisdiction, both Richey's arguments are without merit, and the trial court properly dismissed Richey's petition as time barred.

A trial court lacks jurisdiction to enter a judgment and sentence if it lacks personal jurisdiction over the defendant or subject matter jurisdiction over the defendant's crime, or if it sentences the defendant based on a nonexistent crime. *Runyan*, 121 Wn.2d at 441 n.5. Richey does not, and cannot, claim that his judgment and sentence shows any of these types of

7

jurisdictional defects. Richey's guilty plea gave the superior court personal jurisdiction. *In re Grieve*, 22 Wn.2d 902, 910, 158 P.2d 73 (1945). The superior court had constitutional and statutory subject matter jurisdiction to enter the judgment and sentence for Richey's felony conviction. WASHINGTON STATE CONSTITUTION art. IV, § 6; RCW 2.08.010. Finally, Richey's corrected judgment and sentence show his conviction for existing crimes. *See* RCW 9A.28.020 (attempt); RCW 9A.32.030(1)(a) (first degree murder).

Richey nevertheless argues that the superior court lacked jurisdiction to enter the judgment and sentence because he did not knowingly plead to premeditation, an element of the attempted first degree intentional murder charge listed on his judgment and sentence. Because a guilty plea waives important constitutional rights, it must be knowing, voluntary, and intelligent. *United States v. Ruiz*, 536 U.S. 622, 628-29, 122 S. Ct. 2450, 153 L. Ed. 2d 586 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970)).[3] However, an invalid waiver of rights with a guilty plea does not implicate the trial court's personal or subject matter jurisdiction for purposes of habeas corpus relief. *See Grieve*, 22 Wn.2d at 911-12 (involuntary plea obtained through coercion cannot allow for habeas relief).[4] Richey's claim does not implicate the trial court's jurisdiction, and his claim that his petition for habeas corpus relief is based on grounds protected by article I, section 13 of the Washington State Constitution

---

[3] These constitutional rights include the right to remain silent, the right to trial by jury, and the right to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 274 (1969).

[4] *Grieve* was decided in 1945, two years before the legislature expanded grounds permitting relief through habeas proceedings. *See Runyan*, 121 Wn.2d at 443. The court thus analyzed Grieve's claims under the relief available under the common law writ protected by article I, section 13.

No. 45943-4-II

fails.[5]

CONCLUSION

We affirm the trial court's denial of Richey's petition for habeas corpus.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

JOHANSON, C.J.

MELNICK, J.

---

[5] Richey also alleges that the courts of this state have erred by declining to address the merits of his federal constitutional claim as required by RCW 7.36.140. RCW 7.36.130(1) forbids any inquiry "into the legality of any judgment" where a petition for a writ of habeas corpus is untimely. The provisions of RCW 7.36.140 requiring courts to address the merits of a petitioner's constitutional claims are limited by those in RCW 7.36.130(1), a related statutory provision. *See Campbell & Gwinn*, 146 Wn.2d at 11-12. Because Richey's petition is untimely, no court could examine the legality of his judgment and his claim is meritless.

9