IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In re Personal Restraint of: | ) | No. 77822-6-I |
| | ) | |
| THOMAS WILLIAM SINCLAIR RICHEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |
| | ) | FILED: December 2, 2019 |

ANDRUS, J. — Thomas William Sinclair Richey asks this court to reverse his 65-year prison sentence, imposed in 1987, because he was only 18 years old when he committed the crimes of first degree murder and attempted murder. He contends that de facto life sentences imposed on 18-year-old offenders are unconstitutionally cruel under article 1, section 14 of the Washington Constitution. He also argues that RCW 9.94A.730, under which juveniles sentenced to lengthy prison terms may request early release, violates equal protection because it arbitrarily applies only to individuals under the age of 18. Richey, however, cannot show a significant change in the law to overcome the one-year time bar for a collateral attack under RCW 10.73.090. We thus dismiss Richey's petition as time-barred.

## FACTS

In March 1986, Richey armed himself with a gun and entered a military electronics store in Tacoma, Washington, with the intent to purchase a television.

While negotiating the purchase with a store clerk, Arlene Rae Koestner, Richey pulled the gun, led Koestner to the back of the store, demanded to know where the money was, and after encountering a second store employee, Scott Sanford, shot both in the head. Koestner died from her injuries. Sanford survived but suffers from permanent brain damage. Richey was just two months past his 18th birthday.

The State initially charged Richey with first degree aggravated murder and first degree attempted murder, and it filed a notice of intent to seek the death penalty. In 1987, the State agreed not to seek the death penalty in exchange for Richey's plea to first degree murder and first degree attempted murder. As part of the plea deal, Richey stipulated to a 65-year exceptional sentence based on two aggravators: that Richey manifested deliberate cruelty to the victims and that the standard range sentences for the crimes resulted in a presumptive sentence that was too lenient given the purpose of the Sentencing Reform Act of 1981.

On April 23, 1987, the sentencing court accepted the stipulated recommendation and sentenced Richey to 65 years in prison. Richey did not timely appeal his sentence.

Division Two has dismissed at least nine of Richey's personal restraint petitions filed between 2009 and 2015. In 2007, our Supreme Court accepted review of one of Richey's personal restraint petitions, where he claimed that his judgment and sentence were facially invalid because attempted first degree felony murder was not a crime. In re Pers. Restraint of Richey, 162 Wn.2d 865, 175 P.3d 585 (2008). The Court concluded that while attempted first degree felony murder is not a crime, Richey pleaded guilty to the alternative crime of attempted first

2

degree intentional murder. Id. at 871. It held Richey's judgment and sentence for that crime to be facially valid. Id. at 872. It dismissed Richey's other claims as time-barred. Id. at 872-73. The Court denied review of Richey's five subsequent petitions filed between 2012 and 2013.

In 2017, Richey filed a petition for a writ of habeas corpus in Snohomish County Superior Court. That court denied the petition as untimely. Richey appealed the order directly to our Supreme Court who transferred the case to this court with instructions to treat Richey's petition as a personal restraint petition.

## ANALYSIS

The State asks the Court to dismiss Richey's current petition as a successive petition under RCW 10.73.140 and a time-barred petition under RCW 10.73.090. We conclude this petition is time-barred and decline to address any other arguments raised by Richey or the State.

RCW 10.73.090 provides that a collateral attack, such as a personal restraint petition, may not be filed more than one year after the judgment becomes final. There are exceptions to this time limitation. Under RCW 10.73.100(6), a petitioner can overcome the one-year time bar "if he can identify (1) a significant change in the law, (2) that is material to his conviction or sentence, and (3) that applies retroactively." In re Pers. Restraint of Meippen, 193 Wn.2d 310, 315, 440 P.3d 978 (2019).

Richey makes two constitutional arguments: (1) sentencing 18 year-olds to life without parole or to a de facto life sentence violates article I, § 14 of the Washington Constitution and (2) RCW 9.94A.730, known as the "Miller-fix" statute,

violates the equal protection clause because it arbitrarily excludes those who committed crimes after turning 18. Richey conceded at oral argument that both arguments raise issues of first impression and that no court has yet adopted the rulings he seeks here. And Richey argued he was not relying on the "significant change in the law" exception of RCW 10.73.100(6), despite citing to that statutory provision in his petition.

Instead, Richey argued that under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), we can reach the merits of his arguments, regardless of the statutory time limitation on collateral attacks. He contended that under In re Personal Restraint of Tsai, 183 Wn.2d 91, 351 P.3d 138 (2015), the Teague "new rule" analysis is different than the "significant change in the law" analysis under RCW 10.73.100(6). But Tsai does not support the argument that Teague provides an alternative basis for overcoming the time bar of RCW 10.73.090.

In Tsai, two men, Jagana and Tsai, filed personal restraint petitions arguing they received ineffective assistance of counsel when they entered guilty pleas because they were not adequately advised of the immigration consequences of their pleas, in violation of Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), and State v. Sandoval, 171 Wn.2d 163, 249 P.3d 1015 (2011). 183 Wn.2d at 97-98. Our Supreme Court addressed two separate issues in Tsai: (1) whether Padilla announced a "new rule" that was inapplicable to matters on collateral review under Teague and (2) whether Padilla represented a "significant change in the law" under RCW 10.73.100(6). Tsai, at 99.

4

In general, when a court decision establishes a "new rule," that decision applies only to cases on direct review or cases that are not yet final. In re Pers. Restraint of Haghighi, 178 Wn.2d 435, 443, 309 P.3d 459 (2013); Tsai, 183 Wn.2d at 100. Under Teague, a new rule will apply retroactively to cases on collateral review in only two situations: when the decision establishes a substantive rule that places certain behavior "beyond the power of the criminal law-making authority to proscribe" or when the decision establishes a "watershed rule[] of criminal procedure" that is "implicit in the concept of ordered liberty." 489 U.S. at 311.

In Tsai, our Supreme Court noted that there is substantial overlap between "new rules" under Teague and "significant changes" in state law under RCW 10.73.100(6), but they are two separate inquiries. Tsai, 183 Wn.2d at 103. While courts use the Teague analysis to determine whether a constitutional rule applies retroactively, "we have never imported Teague's definition of a new rule into our analysis of whether there has been a significant change in the law." Id. at 104.

The Tsai court decided that Padilla was not a "new rule" under Teague but was instead a straightforward application of the ineffective assistance of counsel test articulated by the United States Supreme Court in Strickland v. Washington.[1] Tsai, 183 Wn.2d at 103. But it also held that Padilla represented a significant change in the law under RCW 10.73.100(6): "Padilla superseded the theory underlying [all prior reported decisions]—that anything short of an affirmative

---

[1] 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

misrepresentation by counsel of the plea's deportation consequences could not support the plea's withdrawal. This was a significant change in Washington law." Id. at 107 (internal quotation marks omitted) (quoting Sandoval, 171 Wn.2d at 170 n.1). Because Padilla was a significant change in the law but not a new rule under Teague, our Supreme Court concluded that Jagana's personal restraint petition was not time-barred and that he could benefit from the change in the law on collateral review. Tsai's petition, however, was found to be an impermissible successive petition under RAP 16.4(d), so he was not permitted to proceed. Id. at 108. Nothing in Tsai suggests that Teague provides an independent basis for avoiding the one-year time bar of RCW 10.73.090.

Richey also relied on In re Personal Restraint of Colbert, 186 Wn.2d 614, 380 P.3d 504 (2016). In that case, our Supreme Court held that its prior decision in State v. W.R., 181 Wn.2d 757, 336 P.3d 1134 (2014), was a significant change in the law on the burden of proof in rape cases, but that W.R. was a new rule that did not apply retroactively to Colbert under Teague. Colbert, 186 Wn.2d at 619, 625-26. As a result, the court dismissed Colbert's petition as time-barred. Id. at 626-27.

In both Tsai and Colbert, there was a *prior* decision that the court evaluated to determine if it represented a significant change in the law within RCW 10.73.100(6). Only after the petitioner made a showing of a significant legal change did the court then evaluate whether the change applied retroactively under Teague.

Based on Richey's concession at oral argument that his petition is not based on a significant change in the law, his petition is beyond the time limits of RCW 10.73.090, and he fails to meet any time bar exception set out in RCW 10.73.100. We deny Richey's petition.

*Andrus, J.*

WE CONCUR:

*Chun, J.*

*Verellen, J.*

7