# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>FINOS DALE FOX, III,<br><br>               Petitioner. | No. 52392-2-II<br><br><br><br><br><br>UNPUBLISHED OPINION |

CRUSER, J. – Finos D. Fox, III seeks collateral relief from personal restraint imposed following his 2013 guilty plea to four counts of third degree assault. Fox's grounds for relief include claims that (1) his restraint is unlawful because the four counts of third degree assault arise from a single act, violating constitutional protections against double jeopardy; (2) that his exceptional sentence for each count was clearly too excessive and thus exceeded the trial court's sentencing authority; and (3) that the parties' stipulation to an agreed exceptional sentence did not provide a sufficient factual basis to support his sentence. We hold that Fox's untimely petition is mixed, and we dismiss his petition.

## FACTS

The State originally charged Fox with first degree assault with a deadly weapon enhancement for an incident that took place on July 11, 2012. The State filed a persistent offender

notice, informing Fox that his charged offense is a "'Most Serious Offense,'" under RCW 9.94A.030. Response to Personal Restraint Petition (PRP) app. at 30. The notice further advised Fox that if he were convicted of first degree assault, and he had previously been convicted on two previous occasions of other "'most serious offenses,'" he would be sentenced to life in prison as a persistent offender under RCW 9.94A.570. *Id.*

To avoid a possible third strike and a mandatory life sentence, Fox negotiated a plea settlement with the State. Fox agreed to plead guilty to four counts of third degree assault in exchange for the State not pursuing the assault in the first degree charge. Although the facts of the underlying incident did not give rise to four counts of third degree assault, Fox entered his plea as allowed in *In re Personal Restraint of Barr*, 102 Wn.2d 265, 684 P.2d 712 (1984). Under *Barr*, the parties may establish a plea agreement predicated on amended charges that lack factual support provided that a factual basis exists to support the original charge. 102 Wn.2d at 270. With an offender score of 7, Fox's standard range sentence for each count of third degree assault was 33-43 months confinement.

However, the agreement between Fox and the State specified that the parties would recommend an exceptional sentence of 60 months for each third degree assault count to run consecutively for a total of 240 months confinement. In his agreement to waive a jury trial on aggravating factors, Fox stipulated:

> I am informed and I fully understand and stipulate that a conviction on the original charges filed in the original information may constitute a third strike and I would then be sentenced to life in prison without the possibility of parole because I would be a "persistent offender." The prosecuting attorney has agreed to reduce the charge, however, to allow me to serve a 20 year sentence in lieu of life without parole. This 20 year sentence can only be accomplished if I stipulate to an exceptional sentence above the standard range on each count and that all sentences run consecutive to each other, because there are no statutory

aggravating factors warranting the exceptional sentence. This is done purely to avoid a life sentence.

Response to PRP app. at 46-47.

The trial court accepted Fox's guilty plea and sentenced him as recommended. In paragraph 2.4 of Fox's judgment and sentence, under the section regarding Fox's exceptional sentence, the trial court entered a finding specifying that it imposed the exceptional sentence based on the parties' stipulation that such a sentence would best serve the interests of justice. Fox did not file an appeal, and his judgment became final in 2013. RCW 10.73.090(3)(a).

Fox filed this petition for collateral relief in 2018. He claimed that his restraint was unlawful because the four counts of third degree assault violated the constitutional protections against double jeopardy, that his exceptional sentence was clearly too excessive and thus exceeded the trial court's sentencing jurisdiction, and the judgment and sentence was invalid on its face because the stipulated exceptional sentence lacked sufficient factual support.[1]

## DISCUSSION

Fox asserts that the arguments raised in his petition each fit within an exception to the time bar under either RCW 10.73.090 or RCW 10.73.100 and thus they must be reviewed on their merits. Fox is correct that his claim of facial invalidity, were it meritorious, would allow relief as to that claim. Fox is also correct in that his argument that his sentence violates double jeopardy falls under the exception to the time bar under RCW 10.73.100(3). However, despite his

---

[1] After filing its brief responding to Fox's petition, the State moved this court to stay the proceedings pending a decision of an analogous issue in *State v. Robinson*, 8 Wn. App. 2d 629, 439 P.3d 710 (2019). We granted the State's motion and lifted the stay after Division I filed its decision in *Robinson*. We then directed the parties to file supplemental briefing addressing *Robinson*, and we appointed counsel for Fox.

characterization of his remaining claim as one involving the trial court's sentencing jurisdiction, this claim—that his exceptional sentence was clearly excessive—does not fall within an exception to the time bar under RCW 10.73.100. Consequently, his petition is mixed, and we are required to dismiss his petition. *See In re Pers. Restraint of Thomas*, 180 Wn.2d 951, 953, 330 P.3d 158 (2014); *see also In re Pers. Restraint of Stenson*, 150 Wn.2d 207, 220, 76 P.3d 241 (2003).

## I. LEGAL PRINCIPLES

RCW 10.73.090 provides that a petitioner may not file a collateral challenge more than one year after a facially valid judgment and sentence is entered by a court of competent jurisdiction. The two preconditions contained within RCW 10.73.090, "(1) that the judgment and sentence be 'valid on its face' and (2) that the judgment and sentence be 'rendered by a court of competent jurisdiction,'" are treated as exceptions to the time bar. *In re Pers. Restraint of Adams*, 178 Wn.2d 417, 424, 309 P.3d 451 (2013) (quoting RCW 10.73.090(1)).

RCW 10.73.100 is a related statute that enumerates additional exceptions to the time bar. *Id.* The exceptions codified in RCW 10.73.100 are an exhaustive list. *Id.*

> The time limit specified in RCW 10.73.090 does not apply to a petition that is based *solely* on one or more of the following grounds:
> (1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;
> (2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;
> (3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;
> (4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;
> (5) The sentence imposed was in excess of the court's jurisdiction; or
> (6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks

> express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

RCW 10.73.100 (emphasis added).

When a petition for collateral relief raises one or more claims that fall within one of the statutory exceptions to the time bar under RCW 10.73.100, but also raises one or more claims that do not fit within one of RCW 10.73.100's exceptions, that petition is considered a "mixed petition" and must be dismissed. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 702, 72 P.3d 703 (2003). Because RCW 10.73.090 lists two preconditions to applicability of the time bar, "[o]nly those claims which satisfy the conditions of RCW 10.73.090, namely claims which challenge the facial validity of the judgment and sentence or which challenge the jurisdiction of the court, may be addressed when we are presented with a mixed petition." *Stenson*, 150 Wn.2d at 220. A claim of facial invalidity or lack of jurisdiction does not present "an end run around the time limit," that opens the door to otherwise untimely claims. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 141, 267 P.3d 324 (2011).

## II. APPLICATION

### A. SENTENCING JURISDICTION UNDER RCW 10.73.100(5)

Although Fox characterizes his claim regarding an excessive sentence in a manner that would ostensibly fit within RCW 10.73.100(5) by his use of the phrase "in excess of the court's jurisdiction," the argument in support of his claim does not implicate the trial court's jurisdiction. PRP at 5. Jurisdiction within the meaning of RCW 10.73.100(5) refers to personal and subject matter jurisdiction. *In re Pers. Restraint of Richey*, 162 Wn.2d 865, 872, 175 P.3d 585 (2008). Subject matter jurisdiction turns on whether a court has authority to consider the type of

controversy involved, and jurisdiction is not gained or lost by a court's interpretation of the law. *In re Pers. Restraint of Vehlewald*, 92 Wn. App. 197, 201-02, 963 P.2d 903 (1998). Therefore, "[a] sentence is not jurisdictionally defective merely because it is in violation of a statute or is based on a misinterpretation of a statute." *Richey*, 162 Wn.2d at 872.

Here, Fox argues that the trial court lacked a factual basis to support imposing his exceptional sentence as required under RCW 9.94A.535 because his conduct was no more serious than that involved in other assault cases. He contends that the trial court should not have accepted his stipulation to a sentence that was "clearly excessive." PRP at 9.

Accordingly, Fox's contentions are more precisely framed as a challenge to the trial court's statutory authority to impose a given sentence rather than a jurisdictional challenge under RCW 10.73.100(5). Because this claim regarding his sentence does not fit within another exception to the time bar under RCW 10.73.100, his petition is mixed. This court cannot consider Fox's double jeopardy claim on its merits although that claim fits within the exemption to the time bar under RCW 10.73.100(3). *See Thomas*, 180 Wn.2d at 953.

B. FACIAL INVALIDITY

Fox also argues that his sentence was facially invalid because the exceptional sentence was not supported by adequate findings. While we may consider claims alleging facial invalidity even where we are presented with a mixed petition[2], Fox's facial invalidity claim fails on its merits.

A judgment is facially valid "so long as it did not exceed the sentencing court's statutory authority." *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 767, 297 P.3d 51 (2013). Lack of adequate factual findings in a judgment and sentence may render that judgment and sentence

---

[2] *Stenson*, 150 Wn.2d at 220.

facially invalid and thus the time bar in RCW 10.73.090 would not apply to that claim. *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013). A trial court is permitted, under RCW 9.94A.535(2)(a), to impose an exceptional sentence without additional factual findings by a jury when the parties have stipulated to an exceptional sentence.

Here, the trial court included a finding on Fox's judgment and sentence stating that it imposed the exceptional sentence because both "the defendant and state stipulate that justice is best served by the imposition of an exceptional sentence beyond the standard range." Clerk's Papers at 24. Fox also waived his right to have a jury find aggravating factors as part of his plea agreement, acknowledging that he was doing so to avoid a mandatory life sentence as a persistent offender. Given that RCW 9.94A.535(2)(a) allows a trial court to impose a stipulated sentence without factual support, and based solely on the defendant's stipulation, Fox's facial invalidity claim fails.

## CONCLUSION

Fox's judgment and sentence is not facially invalid. And because at least one of the grounds that Fox raises in his Petition does not fall within one of the exceptions under RCW 10.73.100, Fox's petition is mixed. Accordingly, we dismiss Fox's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MAXA, P.J.

VELJACIC, J.