# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Anthony Sanders, Petitioner,

v.

State of South Carolina,  Respondent.

Appellate Case No. 2012-213162

---

## ON WRIT OF CERTIORARI

---

Appeal from Dorchester County
DeAndrea G. Benjamin, Circuit Court Judge

---

Opinion No. 27531
Submitted May 1, 2015 – Filed June 17, 2015

---

## REVERSED AND REMANDED

---

Appellate Defender Susan B. Hackett, of Columbia, for Petitioner.

Attorney General Alan M. Wilson and Assistant Deputy Attorney General David A. Spencer, of Columbia, for Respondent.

---

**JUSTICE HEARN:** In exchange for the State's promise not to seek the death penalty on three charges of murder, Anthony Sanders consented to a bench trial and waived his right to any appellate, post-conviction, or habeas corpus review.  He was convicted of three counts of murder and sentenced to life

imprisonment.  His subsequent application for post-conviction relief (PCR) was dismissed based on the agreement.  He now argues the PCR court erred in dismissing his petition without an evidentiary hearing.  We reverse and remand.

## FACTUAL/PROCEDURAL BACKGROUND

Sanders was charged with three counts of murder.[1]  During a pre-trial status conference, the parties presented a negotiated "Contractual Consent Order to Waive Rights to a Jury Trial" (the Agreement) to the trial court.  The terms of the Agreement provided that in exchange for the State not seeking the death penalty, Sanders would agree to a bench trial and would also waive any right to further judicial review, including direct appeal, PCR, or habeas corpus proceedings.

Prior to approving the Agreement, the trial court engaged in a lengthy colloquy with Sanders.  Sanders said he had sufficient time to discuss the Agreement with his counsel and desired to freely enter into it.  The court explained to Sanders he was giving up the right to have another court review its decision, and Sanders acknowledged he understood.  The court discussed PCR and stated Sanders would be waiving the right to challenge his attorneys' actions afterward.  Sanders said he had discussed the PCR statute with his lawyers and wanted to waive that right as well.  Additionally, the court explained the process of a death penalty jury trial and explained Sanders was agreeing to waive his rights to a jury trial in exchange for the removal of the death penalty.  Ultimately, the trial court accepted the Agreement, finding Sanders had freely and voluntarily entered into it.

The case proceeded to a bench trial.  The court again questioned Sanders about the Agreement before the trial began, and Sanders confirmed he still wished to waive his rights in exchange for eliminating the death penalty.  The court ultimately convicted Sanders of all three murders and sentenced him to life imprisonment without the possibility of parole on each count.

Sanders filed a *pro se* appeal to the court of appeals, which was dismissed for failure to serve and file a notice of appeal with proper proof of service.  Sanders then filed the instant action for PCR alleging he received ineffective assistance of

---

[1] The facts of the underlying triple homicide are horrific and involve the shooting deaths of Diane Grant, her twenty-year-old son Jatavius Devore, and her fifteen-year-old daughter Deanna Devore.  Grant and Jatavius were found just inside the entrance to their apartment with single gunshot wounds to the head.  Deanna was found behind the apartment, nude from the waist down and shot multiple times.

counsel because his attorneys "misadvised him with misleading statements" which rendered his signing of the Agreement involuntary. The State moved to dismiss pursuant to the terms of the Agreement.

A hearing was held before the PCR court. Sanders initially moved for a continuance based on his assertion that his attorneys failed to investigate potential witnesses, which the State opposed based on the Agreement. Sanders argued that his entering into the Agreement was not knowing and voluntary because his lawyers did not adequately apprise him of the rights he was waiving. He therefore requested an evidentiary hearing.

The State argued the PCR court need only review the colloquy between the trial court and Sanders to determine whether he had voluntarily waived his right to an ineffective assistance of counsel claim, and if the court so found, the Agreement should be enforced. After reviewing the record and the Agreement, the PCR court agreed and dismissed the application.

This Court granted certiorari to review the decision of the PCR court.

## STANDARD OF REVIEW

On certiorari in a PCR action, this Court applies an "any evidence" standard of review. *Moore v. State*, 399 S.C. 641, 646, 732 S.E.2d 871, 873 (2012). Accordingly, the Court will affirm the PCR court's findings if any evidence of probative value exists in the record. *Narciso v. State*, 397 S.C. 24, 34–35, 723 S.E.2d 369, 374 (2012). However, the Court will reverse the PCR judge's decision when it is controlled by an error of law. *Pierce v. State*, 338 S.C. 139, 145, 526 S.E.2d 222, 225 (2000).

## LAW/ANALYSIS

Sanders argues the PCR court erred in failing to allow him to present evidence that his waiver was entered into upon the advice of constitutionally ineffective trial counsel. We agree.

The State, however, would frame the issue differently as a simple question of whether Sanders entered into the Agreement knowingly and voluntarily, which the PCR court found he did. The State therefore argues this Court is bound by its previous holding in *Spoone v. State*, 379 S.C. 138, 665 S.E.2d 605 (2008), where

we held a knowing and voluntary waiver of PCR is enforceable. We believe the State misapprehends the issue raised by Sanders and thus *Spoone* is not dispositive here.

In *Spoone*, the Court addressed the enforceability of a guilty plea agreement wherein Spoone waived his right to a direct appeal, PCR, and habeas corpus relief. *Id.* at 141, 665 S.E.2d at 606. Spoone filed an application for PCR, which the PCR court dismissed after finding his waiver was knowingly and voluntarily entered into. *Id.* On certiorari, Spoone argued his waiver was not knowing and intelligent, and therefore his case should be remanded to the PCR court for a merits hearing on his separate claims for ineffective assistance of counsel. *Id* at 141, 665 S.E.2d at 607. In addressing his allegations, the Court first acknowledged that such waivers were allowed under federal law and noted the Court's practice of following federal jurisprudence in the area of plea agreements. *Id.* at 142, 665 S.E.2d at 607. The Court held such waivers were enforceable provided they are knowing and voluntary. *Id.* In affirming the PCR court's finding that Spoone's waiver was enforceable, the Court considered "the particular facts and circumstances of the instant case, including: (1) the background, experience and conduct of the accused, (2) the text of the plea agreement, and (3) the transcript of the plea hearing." *Id.* at 143, 665 S.E.2d at 608.

The State argues that under *Spoone*, the threshold issue is whether the waiver was knowingly and voluntarily entered into. Because the PCR court reviewed the record and found Sanders entered into the Agreement knowingly and voluntarily, the State urges the Court to affirm under *Spoone*. However, *Spoone* addressed only whether such waiver agreements may be enforced. Sanders readily concedes a waiver of PCR is permissible under this Court's jurisprudence, but raises the narrower issue of whether a defendant can challenge the attorney's conduct in advising a defendant to enter into the waiver. We view this issue as significantly different from the issue in *Spoone*.

Instead, we agree with the wealth of federal jurisprudence which allows for ineffective assistance of counsel claims to proceed despite a previous waiver of collateral review where the challenge directly attacks the effectiveness of the advice to agree to that waiver. *See e.g.*, *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (holding "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself"); *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) ("We therefore hold that a plea agreement that waives the right to file a

federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver."); *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) ("[W]e hold that a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver.").  As the United States Court of Appeals for the Seventh Circuit succinctly stated:

> Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself—the very product of the alleged ineffectiveness.  To hold otherwise would deprive a defendant of an opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in reliance on delinquent representation.

*Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).  Although we recognize the value in allowing defendants to waive certain rights in exchange for concessions by the State, we cannot countenance a rule in which a defendant is precluded from challenging the very advice he received in agreeing to that waiver.[2]

---

[2] Furthermore, we express our concern with the ethical implications of a waiver of ineffective assistance of counsel claims.  A number of jurisdictions have acknowledged the conflict of interest that arises when an attorney counsels his client to waive the right to challenge his representation.  *See, e.g.*, Advisory Opinion of the Board of Commissioners on Grievances and Discipline, Ohio Adv. Op. 2001-6 (Ohio Bd. Com. Griev. Disp. 2001) ("[T]he Board advises that it is unethical under the Ohio Code of Professional Responsibility for a prosecutor to negotiate and a criminal defense attorney to advise a defendant to enter a plea agreement that waives the defendant's appellate or postconviction claims of ineffective assistance of trial counsel or prosecutorial misconduct."); Nebraska Ethics Advisory Opinion for Lawyers No. 14-03 (Neb. Jud. Eth. Comm. 2014) ("[I]t [is] the opinion of the committee that a defense attorney may not advise a criminal defendant regarding a plea agreement which contains a waiver of the right to seek post-conviction relief on the basis of a claim of ineffective assistance of counsel.  A conflict of interest for the attorney is present in such situations [and] is so serious as to be a conflict that cannot be waived by a defendant."); Waiver of Appellate and Postconviction Rights in Plea Agreement, N.C. Eth. Op. RPC 129 (N.C. St. Bar. 1992) ("[T]he waiver of rights arising from the ineffective assistance of counsel or prosecutorial misconduct appears to be, and shall prospectively be

Consequently, we hold that although a defendant may waive his right to collateral review, he is nevertheless still entitled to challenge whether the advice he received in agreeing to that waiver was constitutionally defective. Accordingly, the PCR court erred in not allowing Sanders to present evidence of ineffective assistance of counsel on the limited issue of his counsel's advice in connection with entering into the agreement.

## CONCLUSION

Based on the foregoing, we reverse and remand to the PCR court for an evidentiary hearing on the narrow issue of whether Sanders received ineffective assistance of counsel in being advised to enter into the Agreement.

**TOAL, C.J., PLEICONES, BEATTY, and KITTREDGE, JJ., concur.**

---

deemed to be, in conflict with the ethical duties expressed or implied in the rules."); Utah State Bar Ethics Advisory Opinion Committee, Utah Eth. Op. 13-04 (Utah St. Bar. 2013) ("The Committee concludes that it is a violation of Rule of Professional Conduct 1.7 for an attorney to counsel his client to enter into a plea agreement which requires the client to waive the attorney's prospective possible ineffective assistance at sentencing or other postconviction proceedings."). The Supreme Court of Kentucky issued a recent opinion finding the use of an ineffective assistance waiver constitutes professional misconduct. *United States, ex rel. U.S. Attorneys for E. & W. Dists. of Ky. v. Ky. Bar Ass'n*, 439 S.W.3d 136 (Ky. 2014). In the opinion, it held such "waivers in plea bargain agreements (1) create[] a nonwaivable conflict of interest between the defendant and his attorney, (2) operate[] effectively to limit the attorney's liability for malpractice, and (3) induce[], by the prosecutor's insertion of the waiver into plea agreements, an ethical breach by defense counsel." *Id.* at 140. We find this practice especially troubling where, as here, the defendant enters into the agreement prior to a trial, which allows significantly more potential for error than a guilty plea.