FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE AUG 0 2 2018

Fairhurst, CJ
CHIEF JUSTICE

This opinion was filed for record

at  8:00 am  on Aug 2, 2018

Susan L. Carl
SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>WILLIAM CRAIG SCHORR,<br><br>Petitioner. | NO. 94591-8<br><br>EN BANC<br><br>Filed  AUG 0 2 2018 |

GORDON McCLOUD, J.—William Craig Schorr pleaded guilty to first degree murder, first degree robbery, second degree arson, and first degree theft in 2006. Eleven years later, he filed a personal restraint petition (PRP) challenging the convictions of both first degree murder and first degree robbery on double jeopardy grounds. The Court of Appeals dismissed the PRP as untimely and treated the double jeopardy claim as waived.

We affirm the Court of Appeals but on different grounds. We adhere to our prior decisions holding that challenges to sentences that exceed the court's authority—like the double jeopardy challenge to the sentence in this case—*cannot* be waived. We also reaffirm that double jeopardy claims are exempt from the one-

year time bar on collateral challenges. We therefore address the merits of Schorr's claim.

Schorr's simultaneous convictions of first degree murder and first degree robbery do not violate double jeopardy clause protections. Schorr was charged with first degree murder by two alternative means: premeditated murder and felony murder predicated on first degree robbery. Our case law clearly holds that when criminal defendants plead guilty to charges in an information, they cannot pick and choose the portions of the charges to which they will plead guilty. Thus, even though first degree felony murder predicated on first degree robbery would merge with the first degree robbery on which it is predicated, that was not the only means of first degree murder to which Schorr pleaded guilty. He also pleaded guilty to the alternative means of premeditated murder. A first degree robbery conviction certainly does not merge with a first degree premeditated murder conviction.

We therefore dismiss the PRP.

## FACTS

According to the State's declaration for determination of probable cause, Schorr and Jeremy Hosford planned and executed a robbery of a Snap-on Tools Company truck. On February 24, 2004, Schorr and Hosford armed themselves with guns and flagged down the truck. They handcuffed the victim, Robert Shapel, and stole his personal property. One or both of them also pulled a plastic bag over

Shapel's head and duct-taped it at his neck. Shapel suffocated and died. Schorr and Hosford then dumped the body.

The Snap-on Tools Company truck was left in a parking lot for several hours. Schorr and Hosford later returned to the truck, stole the tools, and set the empty truck on fire.

On March 2, 2004, the State charged Schorr with aggravated murder and several other crimes. On November 16, 2005, however, Schorr agreed to plead guilty to lesser charges. Suppl. Br. of Resp't, App. B. He did this specifically to "eliminate[] the possibility that defendant will be subject to the death penalty or a sentence of life without the possibility of parole." *Id.*, App. D at 2, para. 2 (plea agreement).

On August 4, 2006, the State filed an amended information to implement this plea agreement. *Id.*, App. C. The aggravated murder charge was gone. Instead, the amended information charged first degree murder in count I by two alternative means: premeditated murder in violation of RCW 9A.32.030(1)(a) and felony murder in violation of RCW 9A.32.030(1)(c). *Id.* at 1-2. Each alternative means included a firearm enhancement. The State also charged first degree robbery, second degree arson, and first degree theft (counts III, IV, and V). *Id.* at 2-3.

On November 16, 2005, Schorr pleaded guilty to that amended information. Schorr's plea agreement included a "Waiver of appeal and collateral attack rights

3

regardless of changes in the law" in which Schorr agreed not to bring "any kind of future legal challenge to his convictions and sentences." *Id.*, App. D at 5-6 (underlining omitted).

PROCEDURAL HISTORY

In January 2017, Schorr filed a pro se PRP. He raised a single claim: he argued that his first degree robbery and first degree theft convictions violate double jeopardy clause protections because both convictions should have merged with his first degree felony murder conviction. Schorr also argued that because his PRP was based on a double jeopardy claim, his petition was exempt from the one-year time limit on collateral review. RCW 10.73.090 (one-year time limit), .100(3) (exception to one-year time limit for double jeopardy claims).

The Court of Appeals dismissed the petition. Mot. for Discr. Review, App. (order). It ruled that Schorr waived his right to seek collateral review and that his PRP was also untimely. *Id.*

Schorr filed a motion for discretionary review in this court. He now argues that his first degree robbery conviction should have merged with his first degree murder conviction.

ANALYSIS

I.     Schorr's PRP is exempt from the one-year time limit

The State first argues that Schorr's PRP is untimely and should therefore be dismissed.

We disagree. Schorr did file his PRP well after RCW 10.73.090's one-year time limit. But his collateral challenge is based solely on a double jeopardy clause violation. Under RCW 10.73.100(3), double jeopardy claims are exempt from RCW 10.73.090's one-year time limit. This is a threshold inquiry; we do not have to decide whether the entire claim is completely meritorious in order to decide whether it fits within an exception to the time bar. *See In re Pers. Restraint of Yung-Cheng Tsai*, 183 Wn.2d 91, 99-108, 351 P.3d 138 (2015) (examining whether two petitioners' PRP claims fit within the RCW 10.73.100 exception to 10.73.090's one-year time bar first, for both the petitioner whose claim did survive and also the petitioner whose claim did not survive).

Schorr's PRP is based solely on a double jeopardy claim, and hence, it clearly fits within the RCW 10.73.100(3) exception to the one-year time bar.

II.    Schorr did not waive the right to bring his double jeopardy claims

The State also argues that Schorr waived his right to bring this double jeopardy claim. Based on the record in this case, we disagree.

5

### A. A defendant can validly waive many rights in a plea agreement

A criminal defendant can validly waive many rights in a plea agreement. For example, a defendant can relinquish the right to trial, the right to confront one's accusers, and the privilege against self-incrimination. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (pleading guilty implicates the Fifth Amendment privilege against self-incrimination, the Sixth Amendment right to confront one's accusers, and the Sixth Amendment right to trial by jury); U.S. CONST. amends. V, VI.

### B. Some rights, however, cannot be waived in a plea agreement

But not all rights can be validly waived in a plea agreement. For example, courts have repeatedly held that claims concerning constitutional violations that arise after the entry of the plea cannot be waived by a plea agreement.[1] Similarly, a defendant cannot waive the right to effective assistance of counsel in a plea agreement.[2] As the Seventh Circuit has explained:

---

[1] *E.g.*, *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994) (stating that not all appeal rights could be waived because "defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations" (citing *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992))); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993) ("A defendant's waiver of the right to appeal his sentence does not mean, however, that appellate review is completely unavailable."); *see also Class v. United States*, ___ U.S. ___, 138 S. Ct. 798, 200 L. Ed. 2d 37 (2018) (guilty plea does not waive right to appeal claim that statute under which defendant was convicted violated the federal constitution).

[2] *See Washington v. Lampert*, 422 F.3d 864, 870-71 (9th Cir. 2005) (approvingly

Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself—the very product of the alleged ineffectiveness. To hold otherwise would deprive a defendant of an opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in reliance on delinquent representation.

*Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).

Waivers of the right to be sentenced free from constitutionally impermissible factors such as race are also ineffective. *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996) ("[W]e have recognized that the waiver of a right to appeal may be subject to certain exceptions such as . . . racial disparity in sentencing among codefendants . . . ." (citing *United States v. Johnson*, 67 F.3d 200, 202 n.4 (9th Cir.

---

citing other jurisdictions' statements that waivers cannot bar ineffective assistance of counsel claims that are associated with the negotiation of plea agreements); *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002) ("[A] waiver of appeal may not be enforced against a [federal habeas] petitioner who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary." (citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995))); *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) ("[W]e hold that a plea agreement waiver of postconviction rights does not waive the right to bring a [federal habeas] petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." (citing *United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989))); *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000) ("A defendant's plea agreement waiver of the right to seek [federal habeas] relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." (citing *Jones*, 167 F.3d at 1145)); *United States v. Espinoza Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *Sanders v. State*, 412 S.C. 611, 615, 773 S.E.2d 580 (2015) ("[W]e agree with the wealth of federal jurisprudence which allows for ineffective assistance of counsel claims to proceed despite a previous waiver of collateral review where the challenge directly attacks the effectiveness of the advice to agree to that waiver.").

7

1995))); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) ("[A] defendant could not be said to have waived his right to appellate review of a sentence . . . based on a constitutionally impermissible factor such as race.").

### C. A defendant cannot validly waive the right to challenge a sentence that exceeds the court's authority

Of particular importance here, this court has repeatedly held that a criminal defendant cannot validly waive the right to challenge a sentence in a plea agreement that exceeds the court's statutory authority.[3] *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002) ("In keeping with long-established precedent, we adhere to the principles that a sentence in excess of statutory authority is subject to collateral attack . . . and that a defendant cannot agree to punishment in excess of that which the Legislature has established."); *In re Pers. Restraint of Moore*, 116 Wn.2d 30, 38, 803 P.2d 300 (1991) ("'[A] plea bargaining agreement cannot exceed the statutory authority given to the courts.'" (alteration in original)

---

[3] We stress, however, that a defendant can validly waive many statutory protections. For example, a defendant can waive the statute of limitations to take advantage of a favorable plea offer rather than risk trial on a higher degree of the crime. *See In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 810, 383 P.3d 454 (2016). Generally, rights, even constitutional rights, can be waived so long as the waiver is knowing, voluntary, and intelligent, and as long as any other relevant standard has been met. *See State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998) (right to appeal) (citing *State v. Perkins*, 108 Wn.2d 212, 218, 737 P.2d 250 (1987)); *State v. Hahn*, 106 Wn.2d 885, 893, 726 P.2d 25 (1986) (right to counsel); *City of Bellevue v. Acrey*, 103 Wn.2d 203, 207, 691 P.2d 957 (1984) (right to a jury) (citing *State v. Forza*, 70 Wn.2d 69, 422 P.2d 475 (1966)). Nothing in this opinion should be taken to disturb this existing jurisprudence.

(quoting *In re Pers. Restraint of Gardner*, 94 Wn.2d 504, 507, 617 P.2d 1001 (1980))). In *Goodwin*, for example, Goodwin filed a PRP requesting resentencing based on an offender score miscalculation. Even though Goodwin agreed to an incorrect offender score in his statement on plea of guilty, this court "adhere[d] to the principles that a sentence in excess of statutory authority is subject to collateral attack . . . and that a defendant cannot agree to punishment in excess of that which the Legislature has established." *Goodwin*, 146 Wn.2d at 873-74. *Goodwin* remains controlling on this point.[4]

The double jeopardy claim in this case is raised as a challenge to a sentence that exceeds the court's authority. This is an appropriate characterization of the claim.[5] Thus, under the line of cases cited above, Schorr's purported waiver of his right to collaterally attack his conviction and sentence does not bar this particular challenge.

---

[4] *Accord United States v. Torres*, 828 F.3d 1113, 1124-25 (9th Cir. 2016) ("[T]he Constitution imposes a floor below which a defendant's plea, conviction, and sentencing may not fall. . . . A waiver of appellate rights will also not apply if a defendant's sentence is 'illegal,' which includes a sentence that 'violates the Constitution.'" (quoting *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007))); *United States v. Michelsen*, 141 F.3d 867, 872 (8th Cir. 1998) ("Notwithstanding his waiver, Michelsen nevertheless implicitly preserved his right to appeal on grounds that his sentence was illegal or imposed in violation of the plea agreement." (citing *United States v. Rutan*, 956 F.2d 827, 829-30 (8th Cir. 1992), *overruled in part on other grounds by United States v. Andis*, 333 F.3d 886 (8th Cir. 2003))).

[5] *United States v. Mack*, 494 F.2d 1204, 1207 (9th Cir. 1974) (citing *Hill v. United States*, 368 U.S. 424, 430, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)).

### D. Broce *limited review of double jeopardy claims after a guilty plea, but its limitation is inapplicable here*

The State argues that *Broce* limited review of double jeopardy claims after a guilty plea. Suppl. Br. of Resp't at 10-11 (citing *United States v. Broce*, 488 U.S. 563, 573-75, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989)).

The State is correct. In *Broce*, the Court held that when a criminal defendant pleads guilty to two separate conspiracy charges and later files a collateral attack on the convictions and sentences on double jeopardy grounds, the challenge will be rejected if it relies on proof of factual similarities between the two charges that are not apparent from the record. 488 U.S. at 570 ("[A] defendant who pleads guilty to two counts with facial allegations of distinct offenses concede[s] that he has committed two separate crimes.").

But *Broce* did not extend that rule to the situation where the factual similarities giving rise to the double jeopardy claim are clear from the record. Here, Schorr's double jeopardy challenge is based on the record, and no outside evidence was introduced. Thus, even if *Broce* applied to state court procedures on state post-conviction remedies, it would not bar review in this case.[6]

---

[6] In fact, we recently confirmed that "claims which go to 'the very power of the State to bring the defendant into court to answer the charge brought against him' are not waived." *State v. Knight*, 162 Wn.2d 806, 811, 174 P.3d 1167 (2008) (quoting *Blackledge v. Perry*, 417 U.S. 21, 30, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974)); *see also In re Pers. Restraint of Francis*, 170 Wn.2d 517, 522, 242 P.3d 866 (2010) (holding that a guilty plea does not waive double jeopardy clause challenge); *In re Pers. Restraint of Thompson*, 141

10

III. Schorr pleaded guilty to first degree murder by two alternative means, premeditation and felony murder; convictions of both first degree murder by premeditation and first degree robbery do not violate double jeopardy clause protections

Schorr pleaded guilty to first degree murder, first degree robbery, second degree arson, and first degree theft. The first degree murder charge was based on two alternative means: premeditated murder, in violation of RCW 9A.32.030(1)(a), and felony murder predicated on the felony of first degree robbery, in violation of RCW 9A.32.030(1)(c). Schorr argues that his conviction of first degree robbery (count III) should have merged with his conviction of first degree felony murder (count I, "IN THE ALTERNATIVE" (Suppl. Br. of Resp't, App. C at 1)).

If Schorr had been convicted solely of first degree felony murder based on first degree robbery, along with the first degree robbery on which it was based, then he would have a good point. *State v. Fuller*, 185 Wn.2d 30, 37-38, 367 P.3d 1057 (2016) ("For double jeopardy purposes, a lesser included offense is the 'same offense' as the greater offense." (citing *Brown v. Ohio*, 432 U.S. 161, 168-69, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977))); *see also In re Pers. Restraint of Francis*, 170 Wn.2d 517, 527, 242 P.3d 866 (2010) (addressing the merger of attempted robbery and felony murder of the same victim (citing *State v. Williams*, 131 Wn. App. 488,

---

Wn.2d 712, 719-20, 10 P.3d 380 (2000) (holding that a guilty plea does not waive challenge to the power of the court "to enter the conviction or impose the sentence" where basis for challenge is clear "on the face of the record" (citing *Broce*, 488 U.S. at 569)).

499, 128 P.3d 98 (2006), *adhered to on remand*, 147 Wn. App. 479, 195 P.3d 578 (2008))).

But that is not what Schorr was convicted of. In this case, Schorr was charged with two alternative means of committing first degree murder. He pleaded guilty as charged. We have previously held that a defendant has no right to plead guilty to only one alternative means of committing a crime that is charged using alternative means. He must plead guilty to all or nothing. *In re Pers. Restraint of Richey*, 162 Wn.2d 865, 872, 175 P.3d 585 (2008) ("By pleading guilty . . . Richey was pleading to the charge as a whole including both alternatives listed in the information."); *State v. Bowerman*, 115 Wn.2d 794, 801, 802 P.2d 116 (1990) ("The statutory right to plead guilty . . . is a right to plead guilty to the [information] as charged.").

The fact that the conviction of one alternative means is invalid does not doom the conviction based on the other means. *Richey*, 162 Wn.2d at 871 (citing *In re Pers. Restraint of Fuamaila*, 131 Wn. App. 908, 131 P.3d 318 (2006)). In *Richey*, for example, the petitioner was charged with attempted first degree murder based on two alternative means: attempted intentional murder and attempted felony murder. *Id.* at 871-72. We held that "attempted felony murder" does not exist as a crime in Washington and a guilty plea to that means of committing first degree murder was therefore invalid. But we nonetheless concluded that Richey's guilty plea was still

12

valid—because it was also based on the valid, alternative, attempted-intentional-murder means.

Like Richey, Schorr was charged with first degree murder based on two alternative means: premeditated murder and felony murder. Like Richey, Schorr pleaded guilty as charged. There is certainly some confusion in the guilty plea documents about which elements of the crime Schorr actually acknowledged committing. But he does not raise a challenge to the knowing, intelligent, and voluntary character of his plea or to the factual basis for the plea. He is therefore bound by the rule that a criminal defendant has no right to plead guilty to only one alternative means of committing a crime charged in the alternative. He pleads guilty to all or nothing.

Thus, even though a first degree felony murder conviction based on the felony of first degree robbery plus a robbery conviction for the robbery on which the felony murder was based would violate double jeopardy, Schorr was not convicted of just felony murder. He was convicted of first degree murder, including its premeditation means. The elements of first degree robbery are not subsumed within the elements of premeditated first degree murder. Thus, Schorr's first degree murder and first degree robbery convictions do not violate double jeopardy clause protections.

CONCLUSION

RCW 10.73.100(3) states that the one-year time limit on filing a PRP does not apply to a PRP based on a double jeopardy clause violation. And a guilty plea generally cannot waive the right to raise such a double jeopardy challenge to an illegal sentence in an appeal or a PRP.

But a criminal defendant has no right to pick and choose the means of a charged crime to which he or she pleads guilty—he or she must plead guilty to all or nothing. Because Schorr's first degree murder conviction rests on two alternative means, premeditated murder and felony murder, his convictions of both first degree murder and first degree robbery do not violate double jeopardy clause protections.

We therefore dismiss the PRP.

George McCud, J.

WE CONCUR:

Fairhurst, C.J.

Stephens, J.

Johnson, J.

Wiggins, J.

Madsen, J.

González, J.

Owens, J.

Yu, J.

15