# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>RICHARD LELAND HARRINGTON, SR.,<br><br>                             Petitioner. | No. 58404-2-II<br><br>UNPUBLISHED OPINION |

VELJACIC, A.C.J. — In 2009, Richard Leland Harrington, Sr.'s teenage granddaughter, H.H., disclosed that Harrington had been sexually abusing her since she was a child. The State charged Harrington with four counts of child molestation in the first degree, two counts rape of a child in the first degree, two counts of rape of a child in the second degree, and two counts of rape of a child in the third degree. Each count covered a single year, from June 5[1] to the following June 4; the first year began in 1999. The State presented evidence at trial of what events took place in which years, including a chart differentiating between each charge's time period. The State referred back to this chart in closing argument. The "to convict" jury instructions for each charge contained the applicable time period.

The jury convicted Harrington of one count of rape of a child in the second degree and two counts of rape of a child in the third degree. For each conviction, the jury found two aggravating factors: that the crimes were part of an ongoing pattern of sexual abuse and that Harrington abused

---

[1] June 5 is H.H.'s birthday.

a position of trust to facilitate the crimes. Based on the aggravating factors, the trial court imposed an exceptional sentence.

In this, his fifth personal restraint petition,[2] Harrington argues that his convictions violated double jeopardy because the jury instructions did not delineate distinct crimes, and that the trial court imposed an exceptional sentence without appropriate findings.

Harrington filed this petition well outside the one-year time bar in RCW 10.73.090. We hold that his convictions do not violate double jeopardy and that the trial court did not err by imposing an exceptional sentence. Accordingly, we dismiss Harrington's petition as time barred.

FACTS

H.H. was born June 5, 1993, and moved in with Harrington and his wife when H.H. was three years old. In June 2009, H.H. disclosed to her aunt that Harrington had been abusing her for many years, and the aunt contacted police.

The State charged Harrington with four counts of child molestation in the first degree, two counts of rape of a child in the first degree, two counts of rape of a child in the second degree, and two counts of rape of a child in the third degree.

Each charge covered a single year, beginning on H.H.'s birthday and ending the day before her birthday the subsequent year, and every count covered a different year. The first count of child

---

[2] *In re Pers. Restraint of Harrington*, No. 46680-5-II, Order Dismissing Petition (Wash. Ct. App. June 22, 2015); *In re Pers. Restraint of Harrington*, No. 48080-8-II, Order Dismissing Petition (Wash. Ct. App. Jan. 19, 2018); *In re Pers. Restraint of Harrington*, No. 53650-1-II, Order Dismissing Petition (Wash. Ct. App. Oct. 17, 2019); *In re Pers. Restraint of Harrington*, No. 55542-5-II, Order Dismissing Petition (Wash. Ct. App Oct. 4, 2021).

Although this petition is successive, we dismiss it rather than transfer it to the Washington Supreme Court because it is also time barred. *In re Pers. Restraint of Bell*, 187 Wn.2d 558, 564, 387 P.3d 719 (2017).

molestation in the first degree covered the time period from June 5, 1999 to June 4, 2000, and each count covered a subsequent year,[3] with the last rape of a child in the third degree charge covering from June 5, 2008, to June 4, 2009. The State alleged that the crimes were all part of an ongoing pattern of sexual abuse and that Harrington used a position of trust to facilitate commission of the crimes.

At trial, H.H. testified that Harrington would come into her room when she was sleeping and touch her vagina with his hands, beginning when she was in first grade during the school year from 1999 to 2000. She testified that there were multiple incidents of the same kind of touching each year for the next several years. In fourth grade, when H.H. was nine or ten years old, Harrington began to penetrate her vagina with his penis. H.H. testified that from then on, Harrington penetrated her vagina anywhere from once or twice a week to once or twice a month. She testified that penetration occurred multiple times each year from fourth grade in 2002-03 through tenth grade in 2008-09. The last incident occurred about three months before H.H. disclosed the abuse to her aunt. H.H. drew a chart to help explain what acts occurred in which years.

Harrington's wife testified that in roughly 2002, he told her he was not physically capable of having sex due to his medications for high blood pressure and diabetes. She stated that they had not had sex since about 2002. After H.H.'s disclosure, Harrington's wife found a bottle of an erectile dysfunction medication in Harrington's nightstand that she had not previously known

---

[3] The last child molestation in the first degree charge covered June 5, 2002 to June 4, 2003. The first rape of a child in the first degree charge covered June 5, 2003 to June 4, 2004; the second covered June 5, 2004 to June 4, 2005. The first count of rape of a child in the second degree covered June 5, 2005 to June 4, 2006; the second covered June 5, 2006 to June 4, 2007. And the first count of rape of a child in the third degree covered June 5, 2007 to June 4, 2008 while the second covered June 5, 2008 to June 4, 2009.

about. A pharmacy tech testified that Harrington first filled a prescription for that medication in October 2006 and refilled the prescription two to four times per year until December 2008. And testing of sheets and comforters from H.H.'s bedroom found sperm that matched Harrington's DNA with an error probability of one in 430 trillion.

The jury instructions stated that Harrington was charged with multiple counts of child molestation and rape of a child. To convict Harrington "on any count of any degree of rape of a child, one particular act of rape of a child must be proved beyond a reasonable doubt, and you must unanimously agree as to which act has been proved." Clerk's Papers (CP) at 16. There was an identical instruction for the child molestation charges. And the "to convict" instructions for each count stated the time period for each charge, with no overlapping days.

In closing argument, the State referred the jury back to the chart H.H. made to differentiate between the time period addressed by each count.

The jury acquitted Harrington of all the child molestation charges, both rape of a child in the first degree charges, and one rape of a child in the second degree charge. But the jury convicted Harrington of rape of a child in the second degree for the count covering June 5, 2006 to June 4, 2007. And the jury convicted Harrington of both counts of rape of a child in the third degree, one for the time from June 5, 2007 to June 4, 2008, and the other for June 5, 2008 to June 4, 2009. For all three convictions, the jury found that the crimes were "part of an ongoing pattern of sexual abuse of the same victim under the age of 18 years manifested by multiple incidents over a prolonged period of time" and that Harrington "use[d] his position of trust or confidence to facilitate the commission of the crime." CP at 65-66, 68-69, 71-72.

Based on the jury's findings, the trial court imposed an exceptional sentence of 360 months to life. Harrington appealed, and this court affirmed.[4] We issued our mandate in April 2013. Harrington has since filed several personal restraint petitions. He filed this, his fifth petition, in July 2023.

## ANALYSIS

Harrington filed his petition well outside RCW 10.73.090's one-year time bar. Therefore, this petition is time barred unless Harrington establishes that his judgment and sentence is facially invalid or was not rendered by a court of competent jurisdiction, or that one of the time-bar exceptions in RCW 10.73.100 applies to his arguments. RCW 10.73.090(1); *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 702, 72 P.3d 703 (2003). Harrington's petition asserts a double jeopardy violation, which is exempt from the time bar, and that the trial court improperly imposed an exceptional sentence, which would render his judgment and sentence facially invalid. RCW 10.73.100(3); *In re Pers. Restraint of Schorr*, 191 Wn.2d 315, 320, 422 P.3d 451 (2018); *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013).

I. DOUBLE JEOPARDY

Harrington first argues that his convictions violate double jeopardy because the jury instructions did not specify that a conviction for each count had to be based on a separate and distinct act. He asserts that the evidence and arguments at trial did not make it manifestly apparent that the jury had to base each conviction on a different act. We disagree.

"The Fifth Amendment to the United States Constitution and article I, section 9 of the Washington Constitution protect a defendant against multiple punishments for the same offense."

---

[4] *See* Notice of Appeal, *State v. Harrington*, No. 41193-8-II (Wash. Ct. App. Sept. 10, 2010); *State v. Harrington*, noted at 170 Wn. App. 1025 (2012).

*State v. Sanford*, 15 Wn. App. 2d 748, 752, 477 P.3d 72 (2020). Convictions on multiple counts may violate double jeopardy if, in a case involving identically-charged counts, the jury instructions were "unclear about the need to find that each count arises from a 'separate and distinct' act in order to convict." *State v. Mutch*, 171 Wn.2d 646, 662, 254 P.3d 803 (2011) (quoting *State v. Berg*, 147 Wn. App. 923, 935, 198 P.3d 529 (2008)).

"No double jeopardy violation results when the information, instructions, testimony, and argument clearly demonstrate that the State was not seeking to impose multiple punishments for the same offense." *State v. Hayes*, 81 Wn. App. 425, 440, 914 P.2d 788 (1996); *Mutch*, 171 Wn.2d at 664. Our review is rigorous "if it is not clear that it was '*manifestly apparent* to the jury that the State [was] not seeking to impose multiple punishments for the same offense' and that each count was based on a separate act, there is a double jeopardy violation." *Mutch*, 171 Wn.2d at 664 (quoting *Berg*, 147 Wn. App. at 931) (alteration in original).

Here, each count charged specified a date range covering one year, and there was no overlap in the time period for each charge. And the State presented evidence in the form of a chart that differentiated between the charges based on the time period covered by each count. The State referenced this chart in closing argument to differentiate between the charges. Also, the "to convict" instructions each differentiated between the charges based on the time period covered by each count. Taking the evidence, arguments, and instructions together, it was manifestly apparent that the State was not seeking to impose multiple punishments for the same offense. *Id*. Harrington's double jeopardy claim fails.

II.    EXCEPTIONAL SENTENCE

Harrington next argues that the trial court imposed an exceptional sentence "without a jury's finding" to support it, which would render his judgment and sentence facially invalid. Pers.

Restraint Petition at 3; *Finstad*, 177 Wn.2d at 506. But the jury entered special verdicts finding that the three counts it convicted Harrington on were each part of an ongoing pattern of sexual abuse and that Harrington abused a position of trust to facilitate the crimes. And the trial court expressly based its exceptional sentence on those jury findings. Thus, Harrington cannot show that his judgment and sentence was facially invalid, was not rendered by a court of competent jurisdiction, or that any of the time-bar exceptions apply. RCW 10.73.090; .100.

## CONCLUSION

We dismiss Harrington's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Lee, J.

Glasgow, J.