**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Cephas Cowick, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2021-001155

---

Appeal From Darlington County
Eugene C. Griffith, Jr., Plea Judge;
Michael G. Nettles, PCR Judge

---

Unpublished Opinion No. 2025-UP-217
Submitted March 3, 2025 – Filed July 2, 2025

---

**AFFIRMED**

---

William G. Yarborough, III, and Lauren Carole Hobbis, both of WGY Law, of Greenville, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia, for Respondent.

---

**PER CURIAM:** Cephas Cowick (Petitioner) was indicted for two counts of murder, criminal conspiracy, armed robbery, first-degree burglary, grand larceny, possession of a weapon during the commission of a violent crime, and third-degree

arson. Petitioner pled guilty as indicted, and the plea court sentenced him to concurrent sentences of life imprisonment without the possibility of parole for each murder charge and the weapons charge, thirty years' imprisonment for armed robbery and first-degree burglary, fifteen years' imprisonment for third-degree arson, ten years' imprisonment for criminal conspiracy, and five years' imprisonment for grand larceny. Petitioner did not file a direct appeal. Petitioner filed an application for post-conviction relief (PCR), and the State responded with a return and motion to dismiss. The PCR court dismissed Petitioner's application on the grounds that Petitioner waived his right to bring PCR claims based on ineffective assistance of counsel and that Petitioner waived this right knowingly, voluntarily, and intelligently. Petitioner filed a petition for writ of certiorari arguing the PCR court erred in dismissing his PCR application because: (1) the ineffective assistance of counsel claims he raised fell outside the scope of the waiver provision in his plea agreement and (2) his agreement to waive these claims was not knowing and voluntary due to plea counsel's "constitutionally defective advice." This court granted certiorari on both issues. We affirm.

## STANDARD OF REVIEW

"In post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application." *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008). "This [c]ourt gives great deference to the factual findings of the PCR court and will uphold them if there is any evidence of probative value to support them." *Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016) (quoting *Jordan v. State*, 406 S.C. 443, 448, 752 S.E.2d 538, 540 (2013)). "Questions of law are reviewed de novo, and we will reverse the PCR court's decision when it is controlled by an error of law." *Id.* (quoting *Jamison v. State*, 410 S.C. 456, 465, 765 S.E.2d 123, 127 (2014)).

## LAW/ANALYSIS

Petitioner argues the PCR court erred in dismissing his PCR application because the ineffective assistance of counsel claims he raised fell outside the scope of the waiver provision in his plea agreement. He contends the PCR court erred in considering letters sent from his counsel to the solicitor as "the binding terms of the plea agreement" when the letters were not read into the record, introduced as exhibits, or given to the plea judge. Petitioner asserts the record shows the waiver in his plea agreement included an exception for ineffective assistance of counsel claims. Petitioner maintains the PCR court erred in concluding he waived the right to bring the claims raised in his PCR application because he was aware of the

claims when he pled guilty. Petitioner further argues that even if the scope of the waiver included ineffective assistance of counsel claims, his agreement to waive these claims was not knowing and voluntary due to plea counsel's "constitutionally defective advice," and therefore the PCR court erred in dismissing his application for PCR. He contends the failure by the State to commit the entire plea agreement to writing and the plea court's lack of clarity during the plea colloquy weighs against his waiver being knowing and voluntary. Petitioner asserts his background, which included traumatic brain injuries, also weighs against his waiver being knowing and voluntary. He further avers the PCR court erred "by inserting into the analysis the standards and tests used in other ineffective assistance of counsel scenarios that are inapplicable to the issues at hand." We disagree.

"[A]ll plea agreements must be on the record and must recite the scope, offenses, and individuals involved in the agreement." *State v. Thrift*, 312 S.C. 282, 295, 440 S.E.2d 341, 348 (1994). The right to appellate and post-conviction review may be waived by a written plea agreement. *Spoone v. State*, 379 S.C. 138, 142-44, 665 S.E.2d 605, 607-08 (2008). "However, such a waiver will be held effective only if it is knowing and voluntary." *Id.* at 142, 665 S.E.2d at 607. In determining whether the waiver was knowing and voluntary, an appellate court should consider "the particular facts and circumstances" of the case "including: (1) the background, experience and conduct of the accused, (2) the text of the plea agreement, and (3) the transcript of the plea hearing." *Id.* at 143, 665 S.E.2d at 608. "[A]lthough a defendant may waive his right to collateral review, he is nevertheless still entitled to challenge whether the advice he received in agreeing to that waiver was constitutionally defective." *Sanders v. State*, 412 S.C. 611, 617, 773 S.E.2d 580, 583 (2015).

In *Spoone*, our supreme court held a defendant's waiver of the right to appellate and post-conviction review in a plea agreement is enforceable so long as the waiver was knowing and voluntary. 379 S.C. at 142-43, 665 S.E.2d at 607. In determining whether the waiver was knowing and voluntary, the supreme court analyzed "(1) the background, experience and conduct of the accused, (2) the text of the plea agreement, and (3) the transcript of the plea hearing." *Id.* at 143, 665 S.E.2d at 608. The court found the PCR waiver was valid and enforceable:

> Although petitioner only has a ninth[-]grade education, the text of the written plea agreement was straightforward. Furthermore, the plea colloquy shows that the trial court specifically asked petitioner about the

waiver both in the language of the plea agreement, as well as in plain language. Petitioner was represented by two attorneys at the trial level. Both lawyers attended the plea hearing and both signed the written plea agreement, along with petitioner himself.

*Id.* at 143-44, 665 S.E.2d at 608.

Here, we agree with the PCR court's finding that Petitioner's waiver of PCR was effective and within the scope of his plea agreement. The letters from plea counsel memorialized his desire to plead guilty and waive appeal and collateral relief. His plea affidavit form further laid out the terms. The plea hearing clarified the extent of the waivers. We find the plea judge properly considered the letters, which plea counsel admitted essentially constituted a written plea agreement; the testimony at the plea hearing in which Petitioner repeatedly confirmed he understood the terms and scope of his plea; and the plea affidavit submitted by Petitioner in which he reiterated his desire to plead guilty and affirmed his confession in writing. *See Pittman v. State*, 337 S.C. 597, 599, 524 S.E.2d 623, 624-25 (1999) (finding when determining issues relating to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the PCR hearing); *see also State v. Thomason*, 355 S.C. 278, 286-87, 584 S.E.2d 143, 147-48 (2003) (holding the court will limit its review to those terms fully set forth in the record, and neither the State nor the defendant can enforce terms not appearing on the record before the judge who accepts a plea.). Based upon that review, we find Petitioner waived his rights to an appeal and collateral review, including PCR.[1]

We also find the PCR court's finding that Petitioner knowingly and voluntarily waived his right to PCR was proper and is supported by the record. *See Moore v. State*, 399 S.C. 641, 732 S.E.2d 871, 873 (2012) (finding "[a] defendant's knowing and voluntary waiver of statutory or constitutional rights must be established by a complete record, and may be accomplished by a colloquy between the court and defendant, between the court and defendant's counsel, or both"). Here, the transcript shows the plea court meticulously discussed Petitioner's decision to plead guilty, ensured his understanding of the plea, and reiterated the implications and limitations of his waiver of appeal and collateral relief. The plea negotiations

---

[1] To the extent plea counsel added the "to issues unknown" caveat at the hearing, we find the claims now raised were known, and Petitioner knew he was waiving all rights to PCR unless new evidence or information arose after the plea.

were initiated, through both letters, by Petitioner's counsel, and his desire to plead guilty was memorialized in those letters, at the plea hearing, and at the motion to dismiss hearing.  Like the court in *Spoone*, we believe the PCR waiver was valid and enforceable and it was entered into knowingly and voluntarily.  We further find plea counsel's advice was effective and not deficient.  Petitioner avoided the death penalty in a double murder case that had witness testimony and video evidence as well as Petitioner's own confession.  *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) (finding where a petitioner's application alleges ineffective assistance of counsel as a ground for relief, the petitioner must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that [it] cannot be relied upon as having produced a just result.")  The PCR court's order found "Plea counsel may have effectively saved [Petitioner's] life by getting the State to take the death penalty off the table in exchange for the guilty plea."  It continued, "Rejecting the offer because of hesitancy to waive PCR or claims of ineffective assistance of counsel would have been patently irrational under the circumstances."  Had counsel advised Petitioner not to take the offer and Petitioner had in fact proceeded to trial, we do not find the result would have been different in light of the overwhelming evidence, including a confession, against Petitioner.

We find Petitioner knowingly and voluntarily waived his right to PCR by entering the plea agreement to avoid the death penalty, and this waiver was within the scope of the plea agreement.  The letters, the plea affidavit, and the testimony at the plea and motion to dismiss hearings make clear here that Petitioner received an extremely favorable negotiated plea in this case.  Further, we do not find plea counsel's advice to waive direct appeal and collateral relief was deficient.

Based on the foregoing, the findings of the PCR court are

**AFFIRMED.**[2]

**THOMAS, HEWITT, CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.