

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE MAY 0 9 2019
Fairhurst, C.J.
CHIEF JUSTICE

This opinion was
filed for record
at 8am on May 9, 2019

Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| In the Matter of the Personal Restraint of: | No. 95394-5 |
|  | En Banc |
| TIME RIKAT MEIPPEN, |  |
| Petitioner. | Filed: **MAY 0 9 2019** |

OWENS, J. — Time Rikat Meippen was a juvenile when he was convicted in adult court of first degree assault, first degree robbery, and second degree unlawful possession of a firearm. The trial court sentenced Meippen to the top of the standard sentencing range and imposed a firearm sentence enhancement. Several years after Meippen's sentencing, this court decided *State v. Houston-Sconiers*.[1] In *Houston-Sconiers*, this court held that when sentencing a juvenile in adult court, a trial court has absolute discretion to depart from the standard sentencing ranges and mandatory sentence enhancements prescribed by the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. 188 Wn.2d at 9. Meippen subsequently filed an untimely

---

[1] 188 Wn.2d 1, 391 P.3d 409 (2017).

personal restraint petition (PRP), arguing that *Houston-Sconiers* constitutes a significant and material change in the law that should apply retroactively.

Even assuming Meippen can show that *Houston-Sconiers* is a significant, material change in the law that applies retroactively, we hold that he is not entitled to collateral relief because he does not demonstrate that any error actually and substantially prejudiced him. Meippen does not show by a preponderance of the evidence that his sentence would have been shorter if the trial court had absolute discretion to depart from the SRA at the time of sentencing. The trial court had the discretion to impose a lesser sentence under the SRA at the time and instead sentenced Meippen at the top of the standard sentencing range. Accordingly, Meippen cannot make a threshold showing of actual and substantial prejudice, and we dismiss his PRP. Thus, we decline to consider whether *Houston-Sconiers* is a significant, material change in the law that applies retroactively to cases on collateral review, and we save the question for another day.

## FACTS

In 2006, Meippen robbed a tobacco store and shot the store clerk in the head, inflicting nonlethal injuries. Meippen was 16 years old. Meippen was automatically transferred to adult court, where a jury convicted him of first degree assault and first degree robbery, plus one firearm enhancement. *See* former RCW 13.04.030(1)(e)(v)(A) (2005). Meippen was also convicted of second degree unlawful possession of a firearm in a concurrent bench trial.

At sentencing, Meippen's counsel recommended that Meippen receive a bottom-end standard range sentence. Meippen's counsel argued that Meippen was too young to appreciate the nature and consequences of his actions and that he "lack[ed] an understanding . . . of the seriousness of the situation he involved himself in." State's Resp. to PRP, App. at 27-28. Meippen's counsel also noted that Meippen was "very immature in his thought processes and beliefs" and opined that due to Meippen's age, a lengthy prison sentence would be especially difficult. *Id.* at 27; *see id.* at 28. The trial court rejected counsel's recommendation, stating, "I find [Meippen's] behavior cold, calculated, and it showed complete indifference towards another human being." Order Transferring Mot. for Relief from J. to Court of Appeals, *State v. Meippen*, No. 06-1-05905-7-SEA, App. A at 17 (King County Super. Ct. Oct. 20, 2017). The court imposed a top-end standard range sentence of 231 months in confinement, including a 60-month firearm sentence enhancement. Meippen appealed. The Court of Appeals affirmed his convictions and sentence and issued its mandate in 2009. *State v. Meippen*, noted at 149 Wn. App. 1014 (2009).

Nearly eight years after Meippen's judgment and sentence became final, this court decided *Houston-Sconiers*. In *Houston-Sconiers*, this court noted that the Eighth Amendment to the United States Constitution requires courts to recognize that "children are different." 188 Wn.2d at 18. This court reasoned that because children are different, the Eighth Amendment mandates that trial courts have absolute discretion to impose sentences below the SRA standard sentencing ranges and

3

mandatory sentence enhancements when sentencing a juvenile in adult court. *Id.* at 9. This court further held that to comply with the Eighth Amendment's mandate, trial courts must have complete discretion to consider the mitigating qualities associated with youth at sentencing. *Id.* at 21. These mitigating qualities include a juvenile defendant's age, immaturity, and failure to appreciate risks and consequences. *Id.* at 23.

In 2017, Meippen filed a pro se motion for relief from judgment, requesting a new sentencing hearing. The trial court transferred Meippen's untimely motion to the Court of Appeals for consideration as a PRP. Soon after, Meippen filed an amended PRP, arguing that his petition was timely because *Houston-Sconiers* represents a significant and material change in the law that should apply retroactively to his sentence. The Court of Appeals transferred Meippen's amended PRP to this court as a successive petition that raised new grounds. This court retained the petition for consideration on the merits.

ISSUE

Does Meippen demonstrate that the trial court's alleged sentencing error actually and substantially prejudiced him such that this court will consider whether *Houston-Sconiers* is a significant, material change in the law that applies retroactively to cases on collateral review?

4

## ANALYSIS

Meippen argues that the one-year time bar does not apply to his PRP because *Houston-Sconiers* constitutes a significant and material change in the law that should apply retroactively to cases on collateral review. We hold that Meippen fails to demonstrate that the trial court actually and substantially prejudiced him because he does not show by a preponderance of the evidence that his sentence would have been shorter if the trial court had absolute discretion to depart from the SRA at the time of his sentencing. Because Meippen does not meet his threshold burden of showing actual and substantial prejudice, we must dismiss his petition. Accordingly, we decline to consider whether *Houston-Sconiers* is a significant, material change in the law that applies retroactively.

A petitioner is generally barred from filing a PRP "more than one year after [his] judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). A petitioner can overcome the one-year time bar if he can identify (1) a significant change in the law, (2) that is material to his conviction or sentence, and (3) that applies retroactively. RCW 10.73.100(6); *State v. Miller*, 185 Wn.2d 111, 114, 371 P.3d 528 (2016). However, a petitioner must show not only error but also a threshold showing of harm to obtain relief on a PRP. *In re Pers. Restraint of McNeil*, 181 Wn.2d 582, 589, 334 P.3d 548 (2014); *see State v. Buckman*, 190 Wn.2d 51, 65, 409 P.3d 193 (2018). "These threshold requirements are justified by the court's interest in finality,

economy, and integrity of the trial process and by the fact that the petitioner has already had an opportunity for judicial review." *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 298, 88 P.3d 390 (2004).

A petitioner alleging constitutional error has the threshold, prima facie burden of showing by a preponderance of the evidence that he was actually and substantially prejudiced by the alleged error. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004). In doing so, the petitioner "'must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice,'" but that the outcome would more likely than not have been different had the alleged error not occurred. *In re Pers. Restraint of Hagler*, 97 Wn.2d 818, 825, 650 P.2d 1103 (1982) (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982)); *see Buckman*, 190 Wn.2d at 60. If the petitioner fails to make the threshold, prima facie showing of actual and substantial prejudice, we must dismiss his PRP. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013); *see In re Pers. Restraint of Khan*, 184 Wn.2d 679, 686, 363 P.3d 577 (2015) (plurality opinion) (stating that a PRP may be dismissed without addressing a debatable legal issue that was properly raised).

Meippen contends that *Houston-Sconiers* renders his sentence unconstitutional. Because Meippen alleges a constitutional error, he must show that he was actually and substantially prejudiced by the trial court's alleged error to obtain collateral relief. Meippen fails to meet this threshold, prima facie burden for the following reasons.

To begin with, Meippen does not show by a preponderance of the evidence that his sentence would have been shorter if *Houston-Sconiers* was a significant, material change in the law that applied retroactively. At sentencing, Meippen's counsel argued that mitigating qualities of youth—Meippen's age, immaturity, and failure to appreciate the consequences of his actions—supported a sentence at the bottom of the standard range. The trial court considered these mitigating qualities and, nevertheless, imposed a top-end standard range sentence.

Significantly, the trial court already possessed the discretion to depart from the SRA standard sentencing ranges at the time of Meippen's sentencing. The trial court had the discretion to impose an exceptional sentence downward based on Meippen's youth, but it declined to do so. *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 336, 422 P.3d 444 (2018) ("[The SRA] has always provided the opportunity to raise youth for the purpose of requesting an exceptional sentence downward, and mitigation based on youth is within the trial court's discretion."). Nothing in our record suggests that the trial court would have exercised its discretion to depart from the SRA sentence enhancement guidelines. The trial court determined that Meippen's actions were cold and calculated, and it clearly intended to impose a sentence at the top of the standard range despite Meippen's youth.

Finally, although there is a mere possibility that the trial court could have departed from the SRA in light of *Houston-Sconiers*, mere possibilities do not establish a prima facie showing of actual and substantial prejudice. Meippen does not

7

present any evidence that the trial court would have imposed a lesser sentence if it had the discretion to depart from the SRA standard sentencing ranges and mandatory sentence enhancements. The trial court already had the discretion to impose a lesser sentence but declined to do so. Accordingly, Meippen fails to show by a preponderance of the evidence that he was actually and substantially prejudiced by the trial court's alleged error. Because Meippen does not make a threshold, prima facie showing of actual and substantial prejudice, he is not entitled to collateral relief. Thus, we dismiss his PRP and decline to consider whether *Houston-Sconiers* represents a significant, material change in the law that should apply retroactively to cases on collateral review.

## CONCLUSION

Meippen does not show by a preponderance of the evidence that his sentence would have been shorter if the trial court had absolute discretion to depart from the SRA at the time of his sentencing. As a result, Meippen fails to show that he was actually and substantially prejudiced during sentencing, and we dismiss his PRP. We decline to consider whether *Houston-Sconiers* is a significant, material change in the law that applies retroactively to cases on collateral review and save the question for another day.

_____ Owens, J.

WE CONCUR:

_____ Fairhurst, C.J.

_____ Johnson, J.

_____ Madsen, J.

_____ Stephens, J.

_____

_____

_____

_____

9

No. 95394-5

WIGGINS, J. (dissenting)—Today the court avoids answering whether *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), applies retroactively when a prisoner collaterally attacks a final judgment. The majority asserts that because Time Rikat Meippen cannot show actual and substantial prejudice, we need not reach the retroactivity question. Majority at 2, 8. But we must decide whether *Houston-Sconiers* applies retroactively *before* we reach the issue of actual and substantial prejudice. Further, I conclude that *Houston-Sconiers* is a significant change of law, material to Meippen's case, and applies retroactively on collateral review under *Montgomery v. Louisiana*, __ U.S. __, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016). I conclude that Meippen makes a prima facie showing of actual and substantial prejudice entitling him to a reference hearing. Therefore, I respectfully dissent.

ANALYSIS

I.   Retroactivity must be resolved before the question of prejudice

When deciding a personal restraint petition (PRP), we first look to see if the petition was properly brought and, if so, then decide the merits of the petition. The majority does not follow this order. Instead, it concludes that we need not "consider whether *Houston-Sconiers* represents a significant, material change in the law that should apply retroactively to cases on collateral review" because Meippen has not

1

made "a threshold, prima facie showing of actual and substantial prejudice." Majority at 8. This is backward. The question of *Houston-Sconiers'* retroactivity on collateral review is part of the threshold procedural question. It is not substantive. Conversely, the question whether Meippen showed actual prejudice goes to the substantive merits of his case.

Whether *Houston-Sconiers* applies retroactively is clearly the threshold procedural question. When a petitioner files a PRP more than one year after a judgment becomes final (as was the case here), RCW 10.73.090 bars it as untimely, exceptions aside. "RCW 10.73.090 presents 'a *procedural* bar, not a *substantive* bar.'" *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 508, 301 P.3d 450 (2013) (emphasis added) (quoting *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 145, 267 P.3d 324 (2011) (Madsen, C.J., concurring)); *see also In re Pers. Restraint of Schorr*, 191 Wn.2d 315, 320, 422 P.3d 451 (2018) ("[Resolving the time bar] is a threshold inquiry; we do not have to decide whether the entire claim is completely meritorious in order to decide whether it fits within an exception to the time bar.").

Meippen argues that RCW 10.73.100(6) exempts him from the time bar. He must prove *Houston-Sconiers* is retroactive for that exception to apply. *In re Pers. Restraint of Yung-Cheng Tsai*, 183 Wn.2d 91, 103, 351 P.3d 138 (2015). Thus, the question of retroactivity is also procedural because it relates to whether he overcomes the procedural time bar.

Rather, it is the issue of actual prejudice that goes to the substantive merits of the petition. The majority treats this question as merely preliminary. Majority at 6. But as we wrote in *In re Personal Restraint of Davis*, on which the majority relies, "To

2

actually obtain *relief* on collateral review based on a constitutional error[,] the petitioner must demonstrate by a preponderance of the evidence that petitioner was actually and substantially prejudiced by the error." 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004) (emphasis added) (footnote omitted). Given that "[g]ranting the petition is appropriate if the petitioner has proved actual prejudice," prejudice clearly deals with the merits of the petition. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013) (citing *In re Pers. Restraint of Pierce*, 173 Wn.2d 372, 377, 268 P.3d 907 (2011)).

Resolving whether to grant a petitioner relief necessarily comes *after* resolving the procedural question of whether the PRP is time-barred. RAP 16.4(d) ("The appellate court will only grant relief by a personal restraint petition if . . . such relief may be granted under RCW 10.73.090 or .100."). By reversing this order, the majority avoids the threshold procedural question and preemptively dismisses the case on the merits.

This is more than semantics. By confusing our collateral attack procedure, the majority does disservice not only to Meippen but to all incarcerated persons. The personal restraint petition remains one of the few means available to incarcerated individuals to seek further judicial review of their predicament. We must clarify which aspects of seeking collateral relief are procedural, which are substantive, and in what order these questions must be resolved. Given that many prisoners bring PRPs pro se, such clarity is particularly necessary. *See Houston v. Lack,* 487 U.S. 266, 271, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (detailing challenges facing pro se prisoner litigants in filing appeals); *State v. Marintorres,* 93 Wn. App. 442, 452, 969 P.2d 501

3

(1999) (demonstrating how pro se briefs are held to the same standard as those written by counsel). The consequences of incarceration and complexities of our system of collateral attack demand clarity on our part.

II. Meippen overcomes the time bar because *Houston-Sconiers* is a significant and material change in law that applies retroactively

In light of the above, before considering the merits of Meippen's case, we must consider whether he overcomes the one-year limitation barring untimely personal restraint petitions. RCW 10.73.090, .100. Meippen argues that he overcomes the time bar because *Houston-Sconiers* satisfies the requirements of RCW 10.73.100(6). I agree.

"'RCW 10.73.100(6) sets forth three conditions that must be met before a petitioner can overcome the one-year time bar: (1) a [significant] change in the law (2) that is material and (3) that applies retroactively.'" *In re Pers. Restraint of Yung-Cheng Tsai*, 183 Wn.2d at 103 (alteration in original) (quoting *In re Pers. Restraint of Gentry*, 179 Wn.2d 614, 625, 316 P.3d 1020 (2014)). *Houston-Sconiers* meets these requirements.

In *Houston-Sconiers*, we analyzed juvenile sentencing in the context of the Eighth Amendment to the United States Constitution. 188 Wn.2d at 18. Reasoning that "children are different," we held that "sentencing courts must have complete discretion to consider mitigating circumstances associated with the youth of any juvenile defendant" and that "the Eighth Amendment *requires* sentencing courts to consider the mitigating qualities of youth at sentencing, even in adult court." *Id.* at 18, 21 (emphasis added) (capitalization omitted). This rule prevents children from facing

disproportionate sentencing ranges in violation of the Eighth Amendment. *Id.* at 18-21, 19 n.4.

*Houston-Sconiers* meets each of the requirements of RCW 10.73.100(6). First, *Houston-Sconiers* is a significant change in the law. *See In re Pers. Restraint of Yung-Cheng Tsai*, 183 Wn.2d at 103. "[W]here an intervening opinion has effectively overturned a prior appellate decision that was originally determinative of a material issue, the intervening opinion constitutes a 'significant change in the law.'" *In re Pers. Restraint of Greening*, 141 Wn.2d 687, 697, 9 P.3d 206 (2000) (quoting RCW 10.73.100(6)). *Houston-Sconiers* expressly overruled *State v. Brown*, 139 Wn.2d 20, 983 P.2d 608 (1999). *Houston-Sconiers*, 188 Wn.2d at 21 n.5. *Brown* indicated that judges had no discretion to depart from the requirements of the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW. 139 Wn.2d at 29. Given that Meippen's sentencing occurred entirely within the framework of the SRA, without any indication in the record that anyone believed it possible to go outside that range (indeed, defense counsel recommended a sentence only at the low end of the SRA range, *Brown* effectively controlled a material issue in Meippen's case. By overturning *Brown*, *Houston-Sconiers* was a significant change in the law.

Another "'test to determine whether an [intervening case] represents a significant change in the law is whether the defendant could have argued this issue before publication of the decision.'" *State v. Miller*, 185 Wn.2d 111, 115, 371 P.3d 528 (2016) (alteration in original) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 258-59, 111 P.3d 837 (2005)). *Houston-Sconiers* held that at sentencing the judge *must* consider the mitigating factors of youth. 188

5

Wn.2d at 18. Meippen's counsel made the only argument then feasible: that the low end of the sentencing range was "appropriate" for Meippen because of "his youth." He did not, because he could not, argue that the judge was *required* to take youth into account. *See id.* By providing defendants with the argument that a sentencing judge *must* consider youth, when this argument did not before exist (at least not in any fashion endorsed or legitimated by this court), *Houston-Sconiers* was a significant change in law. 188 Wn.2d at 18.

Second, *Houston-Sconiers* is material to Meippen's case. *See In re Pers. Restraint of Yung-Cheng Tsai*, 183 Wn.2d at 103. *Houston-Sconiers* requires that a court take youth into account at sentencing. 188 Wn.2d at 18, 21. Despite defense counsel's invocation of Meippen's youth, the court did not take his youth into account. On the contrary, in response to these arguments, the court said only, "Thank you" and immediately imposed a sentence at the high end of the sentencing range. By way of explanation, the judge simply stated, "I find the defendant's behavior cold, calculated, and it showed complete indifference towards another human being." Without a clearer indication that the sentencing court actually considered Meippen's youth, it cannot be said that the sentencing court behaved as *Houston-Sconiers* commands. We cannot presume that the sentencing court took Meippen's youth into account when it gave absolutely no indication of having done so. Silence does not constitute reasoning. *See State v. Ramos*, 187 Wn.2d 420, 444, 387 P.3d 650 (2017) (requiring courts sentencing juveniles to life without parole to "thoroughly explain [their] reasoning" as

6

to why a juvenile deserves such a sentence, "specifically considering the differences between juveniles and adults" in the process).[1]

Further, neither the sentencing court nor Meippen's counsel indicated that it was possible for Meippen to be sentenced below the standard range. Had *Houston-Sconiers* been decided, all participants in sentencing would have known such discretionary sentencing was possible and Meippen's counsel could have argued for sentencing below the standard range. 188 Wn.2d at 21. This, too, makes *Houston-Sconiers* material to Meippen's case.

Third, *Houston-Sconiers* applies retroactively. *See In re Pers. Restraint of Yung-Cheng Tsai*, 183 Wn.2d at 103. This court decides whether a rule applies retroactively in collateral review under the framework of *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). *In re Pers. Restraint of Colbert*, 186 Wn.2d 614, 623, 380 P.3d 504 (2016). The United States Supreme Court recently made clear that *Teague* identified "new substantive rules of constitutional law" as retroactive on collateral review. *Montgomery*, 136 S. Ct. at 728. By contrast, most procedural rules (except watershed rules of criminal procedure) are *not* retroactive on collateral review. *Id.* at 728, 730. This matters in the case before us for two reasons. First, *Montgomery* applies the *Teague* framework, which this court follows. *Id.* at 728; *In re Pers. Restraint of Colbert*, 186 Wn.2d at 623. Second, and more importantly, the Supreme Court held that "when a new substantive rule of constitutional law controls

---

[1] While *Ramos* does not require thorough justification when a juvenile faces a sentence shorter than life without parole, it nevertheless suggests that we cannot presume that a sentencing court has considered youth merely because defense counsel has invoked it. Some indication that the juvenile's youth was evaluated by the sentencing court is required.

the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." *Montgomery*, 136 S. Ct. at 729. I conclude that *Houston-Sconiers* applies retroactively because it is a new, substantive rule of constitutional law.

There is no question that the rule in *Houston-Sconiers* is a rule of constitutional law. The entire case was premised on the dictates of the Eighth Amendment. *Houston-Sconiers*, 188 Wn.2d at 8, 18-21. In particular, it was focused on the Eighth Amendment's guaranty of proportionate sentencing. *Id.* at 19 n.4. The questions are therefore only whether it is a new rule and whether it is substantive. *Montgomery*, 136 S. Ct. at 728.

The rule in *Houston-Sconiers* is a new rule. A new rule is one that "breaks new ground or 'was not dictated by precedent existing at the time the defendant's conviction became final.'" *In re Pers. Restraint of Colbert*, 186 Wn.2d at 623 (internal quotation marks omitted) (quoting *In re Pers. Restraint of Haghighi*, 178 Wn.2d 435, 443, 309 P.3d 459 (2013)). The rule in *Houston-Sconiers* expressly overruled prior cases that indicated the inflexibility of the SRA. 188 Wn.2d at 21 n.5. Further, in holding that a juvenile defendant's youth must be considered at *every* sentencing, it went beyond even Supreme Court cases like *Miller v. Alabama* (which required consideration of youth when the sentence was life without parole). *Houston-Sconiers*, 188 Wn.2d at 18; *Miller v. Alabama*, 567 U.S. 460, 479-80, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). It is therefore a new rule.

The *Houston-Sconiers* rule is also substantive. A substantive rule of constitutional law, in retroactivity doctrine, is one that "forbids 'criminal punishment of

8

certain primary conduct'" or prohibits "'a certain category of punishment for a class of defendants because of their status or offense.'" *Montgomery*, 136 S. Ct. at 732 (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330, 109 S. Ct. 2934, 106 L. Ed. 2d 256 (1989)). The key example is *Montgomery*. In *Montgomery*, the Supreme Court held that *Miller* announced a substantive rule of constitutional law. *Id*. at 734. *Miller* prohibited sentences of mandatory life without parole for juvenile offenders without consideration of their youth at the time of the offense. *Miller*, 567 U.S. at 479-80. The *Montgomery* Court reasoned that *Miller*'s rule guarded against disproportionate punishment for juveniles and that "[p]rotection against disproportionate punishment is the central substantive guarantee of the Eighth Amendment and goes far beyond the manner of determining a defendant's sentence." 136 S. Ct. at 732-33. The *Montgomery* Court concluded that *Miller*'s rule was a "substantive holding that life without parole is an excessive sentence for children whose crimes reflect transient immaturity." *Id*. at 735. *Montgomery* acknowledged that *Miller* did not *categorically* prohibit life without parole for juvenile defendants but held that irrelevant. *Id*. By barring life without parole "for all but the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility," *Miller* created a substantive rule of constitutional law that states are constitutionally required to give retroactive effect on collateral review. *Id*. at 734.

*Houston-Sconiers* is substantive for the same reasons. *Houston-Sconiers* protects juveniles from facing certain disproportionate sentencing ranges. 188 Wn.2d at 18-20. This parallels *Miller*'s rule, which prevents juveniles from facing disproportionate life without parole sentences. 567 U.S. 460; *accord Montgomery*, 136

9

S. Ct. at 726. In this way, like *Miller*, *Houston-Sconiers* "prohibits 'a certain category of punishment for a class of defendants because of their status or offense.'" *Montgomery*, 136 S. Ct. at 732 (quoting *Penry*, 492 U.S. at 330). Like *Miller*, *Houston-Sconiers* was premised on the "central substantive guarantee of the Eighth Amendment": the prohibition against disproportionate punishment. *Id.* at 732-33; *Houston-Sconiers*, 188 Wn.2d at 19 n.4. "Before *Miller*, every juvenile convicted of a homicide offense could be sentenced to life without parole. After *Miller*, it will be the rare juvenile offender who can receive that same sentence." *Montgomery*, 136 S. Ct. at 734. Before *Houston-Sconiers*, every juvenile convicted of certain offenses faced certain sentencing ranges, while after *Houston-Sconiers*, juveniles no longer necessarily face those ranges now that sentencing courts not only have the *discretion* to go outside the bounds of the SRA but are *required* to consider the mitigating qualities of youth. 188 Wn.2d at 18, 21. Just as *Montgomery* considered *Miller* a substantive change in the law, so too should we hold that *Houston-Sconiers* is a substantive change of constitutional law.

*Houston-Sconiers* itself indicated that its holding was substantive. We relied heavily on *Roper*,[2] *Graham*,[3] and *Miller*, noting that those cases

> [made] two *substantive rules of law* clear: first, "that a sentencing rule permissible for adults may not be so for children," rendering certain sentences that are routinely imposed on adults disproportionately too harsh when applied to youth, and second, that the Eighth Amendment requires another protection, besides numerical proportionality, in juvenile sentencings—the exercise of discretion.

---

[2] *Roper v. Simmons*, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005).
[3] *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010).

10

*Houston-Sconiers*, 188 Wn.2d at 19 n.4 (emphasis added) (citation omitted) (quoting *Miller*, 567 U.S. at 481). *Houston-Sconiers* is based on the same federal decisions that *Montgomery* made clear were substantive. *Id.*; *Montgomery*, 136 S. Ct. at 734. *Houston-Sconiers* itself also referred to them as substantive. 188 Wn.2d at 19 n.4. In so doing, *Houston-Sconiers* all but stated that it also announced a substantive rule of constitutional law applicable retroactively on collateral review.

That the rule in *Houston-Sconiers* has a procedural component, requiring sentencing courts to take into account the youth of the defendant, does not prevent it from being a substantive rule. *Miller* had an identical procedural component, yet the Supreme Court in *Montgomery* still held *Miller* was substantive. *Montgomery*, 136 S. Ct. at 735. "There are instances in which a substantive change in the law must be attended by a procedure that enables a prisoner to show that he falls within the category of persons whom the law may no longer punish." *Id.* Such is the case here. *Houston-Sconiers*' substantive change in law—preventing juvenile defendants from facing disproportionate sentencing ranges—was accomplished by procedurally requiring sentencing courts to take youth into account. 188 Wn.2d at 19-20. Thus, *Houston-Sconiers*' procedural component does not prevent it from being retroactive on collateral review.

For these reasons, I would hold *Houston-Sconiers* is retroactive. Meippen therefore overcomes the time bar.

    III. We should order a reference hearing to determine whether the sentencing court's failure to consider youth actually and substantially prejudiced Meippen

Having established that *Houston-Sconiers* applies retroactively to Meippen's case, permitting Meippen to overcome the time bar, I now turn to the question of relief. I conclude that we should transfer the case to superior court for a reference hearing because Meippen has made a prima facie showing of actual and substantial prejudice.

"We have three available options when reviewing a personal restraint petition: (1) dismiss the petition, (2) transfer the petition to a superior court for a full determination on the merits or a reference hearing, or (3) grant the petition." *In re Pers. Restraint of Yates*, 177 Wn.2d at 17 (citing *In re Pers. Restraint of Hews*, 99 Wn.2d 80, 88, 660 P.2d 263 (1983); RAP 16.11(b), 16.12). To obtain relief in a personal restraint petition asserting constitutional error, the petitioner must show, by a preponderance of the evidence, that he or she was actually and substantially prejudiced by the error. *In re Pers. Restraint of Davis*, 152 Wn.2d at 671-72 (citing *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810, 792 P.2d 506 (1990); *In re Pers. Restraint of Crabtree*, 141 Wn.2d 577, 587, 9 P.3d 814 (2000)). If the petitioner makes such a showing, we grant relief. *Id.*; *In re Pers. Restraint of Yates*, 177 Wn.2d at 18. If the petitioner does not make even a prima facie showing of actual and substantial prejudice, we dismiss the PRP. *In re Pers. Restraint of Yates*, 177 Wn.2d at 17. If the petitioner makes a prima facie showing of actual and substantial prejudice, but the record is insufficient to entitle him or her to relief, we order a reference hearing. *Id.* at 18.

Meippen has made a prima facie showing of actual and substantial prejudice. *Houston-Sconiers* held that the Eighth Amendment requires a sentencing court to consider a juvenile defendant's youth at sentencing. 188 Wn.2d at 18, 19 n.4. The sentencing court failed to consider Meippen's youth at sentencing. Rather than engaging in any way with the fact that Meippen was only 16 years old at the time of the crime, the court sentenced him within the standard sentencing range (indeed, at its upper limits) irrespective of those factors. The sentencing court thereby failed to adhere to the procedural component that protects Meippen's substantive Eighth Amendment guaranty of proportionate sentencing. *Houston-Sconiers*, 188 Wn.2d at 18-20, 19 n.4.

However, we cannot tell from the record whether Meippen was actually prejudiced. The record does not reveal whether taking Meippen's youth into account would have led to a different sentence. In light of this, I conclude that we should order a reference hearing. Meippen was sentenced, for a crime committed at the age of 16, to 231 months in prison—over 17 years. As a matter of fundamental fairness, we should order a reference hearing so the superior court can determine whether he was prejudiced when sentenced to serve more years in jail than he had then been alive.

The majority disagrees, concluding that Meippen cannot prove actual and substantial prejudice, and dismisses his PRP. Majority at 8. But that is not the correct response. When a petitioner offers "'the facts underlying the claim of unlawful restraint and the evidence available to support the factual allegations'" so that they go beyond "'bald assertions and conclusory arguments,'" a reference hearing is justified. *In re Pers. Restraint of Yates*, 177 Wn.2d at 18 (quoting *In re Pers. Restraint of Rice*, 118

13

Wn.2d 876, 885-86, 828 P.2d 1086 (1992)). Meippen has done just that. Meippen's constitutional rights were violated. There is no evidence in the record that shows the sentencing judge considered Meippen's youth. The only question is whether his sentence would have been different had the judge taken his youth into account. Thus, we should order a reference hearing to determine if his sentence would have been different if the sentencing judge had had the benefit of *Houston-Sconiers* at the time of sentencing.

## CONCLUSION

Today the majority improperly avoids addressing *Houston-Sconiers'* retroactivity. But we must reach the issue of retroactivity, and we should hold that *Houston-Sconiers* applies retroactively on collateral review. The majority also incorrectly dismisses Meippen's petition. I would hold instead that Meippen has made a prima facie showing of actual and substantial prejudice entitling him to a reference hearing to determine whether Meippen can prove, by the preponderance of the evidence, that the sentencing court's failure to consider youth actually and substantially prejudiced him. Accordingly, I respectfully dissent.

_____
Wiggins, J.

Gonzalez, J.

Ju, J

Geen McCol, J.